KNAPP, RECEIVER *v.* NATIONAL BUILDING & LOAN
ASSOCIATION ET AL.

[No. 26,776.  Filed April 30, 1937.  Rehearing denied
June 8, 1937.]

*Sevald & Sevald,* for appellant.

*Carl A. Huebner,* for appellee.

Roll, J.—On July 31, 1930, Paul Coulis and Angeline Coulis borrowed $4,200.00 from the National Building and Loan Association of Hammond, Indiana, and evidenced said indebtedness by their promissory note and secured the payment thereof by a mortgage on certain real estate, owned at the time by him and his wife, and described therein. There was a default in the payment of said debt and by the terms of their agreement the entire indebtedness became due, and the National Building and Loan Association commenced an action on said note and to foreclose its mortgage, and asked for the appointment of a receiver to take charge of said real estate during the year of redemption, because of the inadequacy of the mortgage real estate to secure the loan. To this action to foreclose the National Building & Loan Association made Hardin-Lavin Co., the Standard Lumber & Coal Co., and others parties defendants. The Hardin-Lavin Co. and the Standard Lumber & Coal Co. filed answers; the first was a general denial and the second answer alleged that each had obtained a judgment against the defendant Paul Coulis and that said judgments were a lien on said real estate. Other defendants answered by setting up their various claims against said real estate. The court heard the case and found for the National Building & Loan Association for the full amount and decreed foreclosure of its mortgage and also found that said mortgage constituted a first lien upon the real estate described in its complaint and further found for the Hardin-Lavin Co. and the Standard Lumber & Coal Co., that their judgments were valid and constituted a second lien on said real estate. The court appointed Clement B. Knapp, appellant herein, as receiver. The judgment appointing appellant receiver is as follows:

"It is further adjudged and decreed by the court

that the property above described is inadequate security for the mortgage debt and that receiver should be appointed for real estate described in plaintiff's complaint except for that portion of said premises now occupied by the defendants, Paul Coulis and Angeline Coulis, his wife, as their home and residence; that said receiver hereinafter named shall have authority and he is hereby given the authority to collect rentals from tenants or occupants of premises located upon real estate described in plaintiff's complaint, except the defendants, Coulis & Coulis; to pay taxes and assessments levied and assessed upon said real estate; to procure insurance and pay premium therefor; to keep said property in adequate and proper repair; to procure fuel and coal to adequately heat said premises until sale of said property by the Sheriff as herein ordered and during the period of redemption as allowed by law, provided however that the said defendants, Paul Coulis and Angeline Coulis, his wife, shall be charged with the custody and care of said property, except for collection of rentals, and shall operate the heating plant located on said premises, without charge for said services; and the court appoints Clement B. Knapp, as receiver and fixes his bond at One Thousand ($1,000.00) Dollars, which bond said receiver filed with Royal Indemnity Company, as surety which bond the Court approved and said receiver duly qualified to act as such."

Under the above appointment appellant took charge of the real estate as directed in said decree.

The record shows that the real estate described in the complaint of foreclosure filed by the National Building & Loan Association was sold by the sheriff on April 9, 1935, to the National Building & Loan Association for $5,873.82, being the full amount of its judgment, and that the judgment in favor of said National Building & Loan Association was receipted in full as fully paid and satisfied and unsatisfied as to all other liens. The sheriff of Lake County then issued to said purchaser a certificate of purchase for said mortgaged real estate. After the National Building & Loan Association received its

certificate of purchase it sold and transferred the same to Vincent Pszczola. The real estate was not redeemed during the year and on or about April 10, 1936, the said Vincent Pszczola presented his certificate of purchase and received a sheriff's deed for said real estate. Afterwards, Clement B. Knapp, appellant herein, filed his final report as such receiver. The report showed that he had collected as rent $1,938.50, which amount constituted the total charges as such receiver. He claimed credits for various sums which are not material to the question here presented. Among the various items which said receiver paid and for which he claimed credit, and which are the "bone of contention" in this appeal, are the following:

March, 1936

"C. B. Knapp Agency Fire & Tor. Ins.      $37.80."

April, 1936

"4-7-36 - County Treas. 1935 Tax pd. in full  163.68
4-7-36 - County Treas. a/c Delinquent tax   90.00"

The report shows that said receiver expended a total of $1,930.26, and the balance of $8.24, he paid to the clerk of Lake Superior Court.

Hardin-Lavin Co. and Standard Lumber & Coal Co., judgment creditors of Paul Coulis, filed exceptions to the final report of said receiver, wherein they questioned various items of credit claimed by said receiver. Appellant herein filed a motion to strike out said objections, which motion was overruled by the court. This action by the court is made the first assignment of error on this appeal.

There was a trial by the court upon the final report filed by appellant receiver, and the exceptions filed by Hardin-Lavin Company and Standard Lumber & Coal Co. The court found that all claimed credits of the receiver should be allowed except the taxes paid on April 7, 1935, and the unused portion of the sum of $37.80,

paid as premium on fire and tornado insurance policies, taken out on February 17, 1936, and ordered the receiver to file an amended final report showing said amounts as part of the cash balance chargeable to said receiver and to be paid into the clerk's office for the use of the person or persons lawfully entitled to receive the same. Appellant reserved exceptions to this ruling and filed a motion for a new trial which the court overruled. The overruling of his motion for a new trial is made the second assigned error.

The reasons set out in appellant's motion for a new trial are: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; (3) the court erred in sustaining amended objections of Standard Lumber & Coal Co., a corporation, and Hardin-Lavin Company, a corporation, to the final report of Clement B. Knapp, receiver herein, and in disallowing credit for paid taxes and insurance premiums.

Appellant's motion to strike the objection filed, omitting caption and formal parts, reads as follows:

"That the records and files in this cause disclose that the defendants, Standard Lumber & Coal Company, a corporation, and Hardin-Lavin Company, a corporation, had liens upon the property involved herein which were inferior and subordinate to the lien of the plaintiff herein and to the tax liens involved herein and that they and each of them as such lien holders are not entitled to the rents and profits of the premises which your Receiver has collected during the period of redemption and is accounting for in his final report filed herein, and that, therefore, said Standard Lumber & Coal Company, a corporation, have no right or interest in and to the subject matter involved in the final report filed by your Receiver herein or in and to the rents and profits reported in said final report."

We think the court should have sustained this

motion. The record shows that the National Building & Loan Association became the purchaser of the mortgaged premises at its own foreclosure sale for the full amount of its judgment, and received a certificate of purchase for such real estate, and at the end of the year of redemption, its assignee received a deed for the same. The purchaser of real estate at sheriff's sale gets all he bargained for when he receives the deed and possession at the end of a year. He bids on the property knowing that possession and enjoyment will be denied him for a year, and submits his bid upon his judgment of the present value of the estate, as affected by the postponed enjoyment. In such case the possession for a year is neither bid on, or sold. If the property is redeemed, he gets his money together with interest. If the property is not redeemed he receives a deed and possession of the property, all in accordance with the terms of his contract, and he has no claim whatever, either legal or equitable, to the rents and profits derived from such real estate. The fact that the real estate here involved was an apartment house, and all the money received by appellant as receiver, was rent paid by the various tenants of said apartments during the year of redemption, is immaterial. Under such facts the court should have discharged the receiver, as Paul Coulis, as the owner and mortgagor in possession, was entitled to all the rents and income from said real estate during the year of redemption. Sec. 2-3919 Burns Ind. St. 1933. *Federal Land Bank of Louisville* v. *Schleeter et al.* (1934), 208 Ind. 9, 193 N. E. 378.

When the mortgaged premises were sold by the sheriff of Lake County, it was sold free of any lien of the judgments held by Hardin-Lavin Company and Standard Lumber & Coal Company. They no longer had a lien on the real estate, nor upon the rents and profits derived therefrom during the year of redemp-

tion. The return of the sheriff of the sale of the mortgaged premises showed the judgment of the National Building & Loan Association fully paid and satisfied, but all other judgments and liens unsatisfied. Hardin-Lavin Company and Standard Lumber & Coal Company were only creditors of Paul Coulis without any lien whatever on the mortgaged premises sold under decree of foreclosure. If they had no lien on the real estate after the sheriff's sale, and no lien on the rents therefrom during the year of redemption, they could have no interest whatever, in the disposition the receiver made of the rent money. That is a question between the receiver and the mortgagor or owner. The only interest the judgment creditors herein had in the mortgaged premises was the right to redeem. They did not take advantage of this right.

Appellees discuss at great length in their brief the question of whether under the court order and under the general law, the receiver is not obligated to pay taxes and insurance. As stated above the Hardin-Lavin Company and Standard Lumber & Coal Company could not complain, even though the receiver had no right to pay the taxes out of money that belonged to Paul Coulis. It is a fundamental rule that one must have a right or interest in the subject matter in order to have a right to complain about the disposition made thereof. Appellees herein had no such interest as would entitle them to object to whatever disposition the appellant herein made of the rent received by him during the year of redemption. *Browning* v. *Smith* (1894), 139 Ind. 280, 37 N. E. 540; *World Bldg., Loan & Investment Co.* v. *Marlin* (1898), 151 Ind. 630, 52 N. E. 198; *Federal Land Bank etc.* v. *Schleeter, supra.*

Having concluded that the court should have sustained appellant's motion to strike out the objections filed to

the final report, we need not discuss the questions presented by the motion for a new trial.

Judgment reversed with instructions to the trial court to sustain appellant's motion to strike out the objections of Hardin-Lavin Company and Standard Lumber & Coal Company to appellant receiver's final report.