16928

SIMEON H. GARDNER, Respondent, v. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION, Appellant

(84 S. E. (2d) 637)

*Messrs. Herbert & Dial,* of Columbia, *for Appellant,*

*Messrs. Leppard & Leppard* and *Turner Clayton,* of Chesterfield, *for Respondent.*

November 12, 1954.

Taylor, Justice.

This appeal comes from the Court of Common Pleas for Chesterfield County wherein the Presiding Judge refused to strike Paragraphs III, IX, X, and XXII of respondent's complaint on the ground that there is no allegation of any facts alleged to have been represented by defendant's agent which were false or any allegation that plaintiff suffered injury or damage through said alleged false representations and further to strike Paragraphs IV, V, VI, VII, VIII, and XIII upon the grounds that the allegations contained in said Paragraphs are irrelevant and do not constitute a cause of action. The complaint appears as follows:

"Plaintiff, for his complaint in the above entitled action, respectfully alleges and shows:

"I

"That the defendant, on information and belief, at all of the times hereinafter mentioned, was, and now is, a foreign corporation duly organized and existing under the laws of one of the States of the United States of America.

"II

"That heretofore and on or about the 1st day of May, 1951, the defendant, through its officers and agents, approached plaintiff and solicited an application for family hospital expense policy of insurance on and covering plaintiff and his wife, Essie Gardner representing that in consideration of an initial quarterly premium of Seventeen & 25/100 Dollars ($17.25) it would issue plaintiff a family hospital expense policy of insurance, insuring plaintiff and his dependent against loss by hospital, ambulance and nurse expense resulting from bodily injury to the above named persons by accidental means, and further, that it would insure plaintiff and his dependent against loss by hospital and ambulance expense resulting from sickness contracted during any of the term of the policy by plaintiff and/or his wife, Essie Gardner.

## "III

"That the defendant's agent did, in the course of his duties, fraudulently represent to plaintiff that the policy of insurance that he was attempting to sell to plaintiff was better than that already possessed by the plaintiff with the Equity Life Insurance Company, covering the same dependent. Defendant's agent did fraudulently represent to the plaintiff that Mutual Benefit Health and Accident Association would, under all conditions, pay the plaintiff more money in the event that he, or his dependent named in the policy were hospitalized, and that the rider contained in the Equity Life Insurance Company's policy was 'dead.'

## "IV

"That the defendant's agent did fraudulently represent to plaintiff that the policy of insurance with the Mutual Benefit Health and Accident Association would cover plaintiff and his dependent named therein for any and all periods of hospitalization regardless of any injury or illness that either of them had heretofore had.

## "V

"That the defendant's agent did, in the course of his duties, solicit information from the plaintiff and his wife, Essie Gardner, relative to their physical condition and previous medical history. That in replying to questions propounded to them by the defendant's agent they gave correct oral answers. That the defendant's agent, in the course of his duties, did falsely and fraudulently fill in the application with answers that were not the same nor as complete as those given by the plaintiff and his wife; that the defendant's agent did request plaintiff to sign the application that he had filled out, whereupon the plaintiff read the application and pointed out to the defendant's agent the errors and inaccuracies therein to which defendant's agent did then, in the course of his duties, fraudulently represent to plaintiff and his wife that he had filled out the application properly and that it was in accordance with the requirements of

the Company and that he had on the application all the pertinent information that was necessary; that the history as given by the plaintiff and his wife was so remote in point of time that it was unnecessary to include that upon the application whereupon plaintiff signed the application.

"VI

"That the plaintiff's wife, Essie Gardner, also read the application and informed the defendant's agent as to the omission of her medical history to which the defendant's agent did fraudulently inform her and plaintiff again that the form was proper and that he had filled in the answers as were required by the Company.

"VII

"That the defendant's agent did, in the course of his duties, fraudulently represent to plaintiff and plaintiff's wife that this policy of insurance with Mutual Benefit Health and Accident Association would completely insure the plaintiff and his wife regardless of any illness that either of them had heretofore had, since there had been a complete recovery to each and every one of these illnesses.

"VIII

"That the representations heretofore set forth were fraudulently made by the defendant's agent under the circumstances that entitled plaintiff to rely thereon. That the defendant's agent did represent himself as being an expert and learned man in and pertaining to hospitalization insurance, not only by his own statement, but by his acts and conduct in analyzing his own insurance policy and the policy of Equity Life Insurance Company.

"IX

"That at the time the application for the policy with the defendant Company was filled out, plaintiff had in full force and effect a hospitalization insurance policy with Equity Life Insurance Company, said policy having been in effect for some period of time, and having similar clauses

to the policy involved in this action; that defendant's agent made statements and false, fraudulent representations to the plaintiff to the fact that it would not be to the plaintiff's detriment to discontinue the aforementioned policy of insurance and purchase the policy with the defendant Company; that the defendant's policy would provide further and more accurate coverage than that contained in the Equity Life Insurance Company's policy, and that there was no way in which it would be injurious to the plaintiff for him to cancel his policy with the Equity Life Insurance Company, and to purchase the one that was being sold by the defendant Company, all of which statements and representations were false and fraudulently made, all to the knowledge of the defendant.

"X

"That in reliance upon the statements and representations of the defendant's agent, the plaintiff cancelled his policy of insurance with Equity Life Insurance Company, and in lieu thereof took out and paid for the policy of insurance with the defendant Company; that the aforementioned statements and recommendations of the defendant's agent were falsely made and were fraudulently made under circumstances which entitled plaintiff to rely thereupon, and which the plaintiff did rely upon.

"XI

"That heretofore and on or about the 9th day of July, 1951, and while said policy of insurance was in full force and effect, the wife of the plaintiff, being one of those persons covered by said policy of insurance, suffered an illness and sickness covered by the aforementioned policy of insurance, which required her to enter a hospital. That it was necessary for the said Essie Gardner to have surgical treatment as covered by the policy in addition to the normal hospitalization and medical care. That the said Essie Gardner remained in the hospital for a period of five (5) days, being discharged therefrom on the 14th day of July, 1951,

and that the medical and surgical and hospital bills totalled One Hundred Seven Dollars ($107.00).

## "XII

"That the plaintiff has duly performed all the conditions of said contract of insurance on his part to be performed.

## "XIII

"That plaintiff has made due demand on defendant to pay him the said sum of One Hundred Seven Dollars ($107.00), but defendant has refused to pay the same and has denied any liability to plaintiff thereon.

## "XIV

"That subsequently and on the 23rd day of October, 1951, the said Essie Gardner became ill and was confined to a hospital for a period of twenty-three (23) days, and therein and thereby incurred hospital expenses in the amount of Two Hundred Fifty and 50/100 Dollars ($250.50).

## "XV

"That the plaintiff has performed all the conditions of said contract of insurance on his part to be performed relative to the hospitalization hereinabove mentioned.

## "XVI

"That plaintiff has made due demand upon the defendant to pay to him the said sum of Two Hundred Fifty and 50/100 Dollars ($250.50), but defendant has refused to pay the same, and has denied any liability to Plaintiff therefor.

## "XVII

"That subsequently and on the 15th day of July, 1951, plaintiff became ill and was confined in a hospital and therein and thereby incurred hospital expenses in the amount of Ninety-seven and 75/100 Dollars ($97.75), which, under the provisions of said contract or policy of insurance, defendant became due and liable to pay to plaintiff.

## "XVIII

"That plaintiff has duly performed all the conditions of said contract of insurance on his part to be performed.

## "XIX

"That plaintiff has made due demand on defendant to pay him the said sum of Ninety-seven and 75/100 Dollars ($97.75), but defendant has refused to pay the same and has denied any liability to the plaintiff therefor.

## "XX

"The defendant Company did, on the 12th day of March, 1952, tender to plaintiff the premium refund in the amount of Sixty-three Dollars ($63.00), contending that the answers appearing on the application by the defendant's agent were incorrect and because of these erroneous answers coverage would be declined as to plaintiff and his dependent.

## "XXI

"That Mrs. Essie Gardner died of illness on the 12th day of May, 1953.

## "XXII

"That because of the acts of the defendant, Mutual Benefit Health and Accident Association, the plaintiff caused to be cancelled the policy of insurance with Equity Life Insurance Company that would have provided coverage for some of the illness and hospital bills involved in this action; that in addition thereto, because of the present physical condition of the plaintiff, and the past physical condition of Mrs. Essie Gardner, it is, and has been, impossible for the plaintiff to obtain other similar insurance, and he is therefore, because of the fraudulent acts of the defendant, unable to obtain this similar insurance.

## "XXIII

"That because of the acts of the defendant, its agents, servants and employees in fraudulently deceiving the plaintiff by its representations and acts hereinabove alleged, the

plaintiff has been damaged in the sum of Three Thousand Dollars ($3,000.00), actual and punitive damages.

"Wherefore, plaintiff prays judgment against the defendant for the sum of Three Thousand Dollars ($3,000-.00), actual and punitive damages plus the costs and disbursements of this action."

The allegations of the complaint, in our opinion, state a cause of action for fraud and deceit in that false representations were made by appellant's agent to respondent which led to the cancellation by respondent of an insurance policy then in force with the Equity Life Insurance Company and such allegations relative to the policy with the defendant company may be relevant upon the question of damages. Upon trial of the case, it may well be that the trial Judge with the application and policies before him might properly conclude that certain paragraphs of the complaint should be stricken, but the record before the hearing Judge was not such as to require such action at that time, further the question of whether or not the order under review is appealable was not raised and hence not before the Court.

We are of the opinion, therefore, that the Order appealed from should be affirmed and it is so ordered.

STUKES, OXNER, and LEGGE, JJ., and M. M. MANN, Acting Associate Judge, concur.