ARTHUR COOK, BOBBY JOE CRAFT, ALAN DIXON, JOHN HARWOOD, ELMER HEBBELER, ABE KRAUSE, FRANCIS KREISLER, BOB BEATON, *v.* CITY OF EVANSVILLE

[No. 1-478A101. Filed October 17, 1978.]

*James D. Lopp, Sr., James D. Lopp, Jr., Glenn A. Grampp*, of Evansville, for appellant.

*John C. Cox, Barbara B. Williams*, Department of Law, City of Evansville, for appellee.

ROBERTSON, J. — In the trial court, the litigants stipulated the facts which give rise to this appeal. Plaintiff-appellee City of Evansville (City) entered into successive contracts with the International Association of Firefighters, Local #357 (Union), whereby the City agreed to recognize the Union as the exclusive bargaining agent of the Evansville firemen. Defendant-appellants have not joined the Union but are included in the "bargaining unit" as defined in both contracts with the City. As such, they were required to pay the Union a "service charge" in lieu of union dues in accordance with the following provision:

All employees in the bargaining unit who are not members of the Union *shall be required to pay to the Union* a service charge as a contribution towards the costs of the Administration of this Agreement and the representation of such employees * * * In the event an employee fails to make any of the aforesaid payments, the Employer shall deduct such payments from the employee's pay *and*

*remit the amount of the deduction to the Treasurer of the Union.* (Emphasis added).

Appellants refused to contribute to the Union and directed the City in writing to refrain from deducting the service charge from their paychecks. The City thereafter instituted this cause for breach of contract and prayed for the following relief:

> WHEREFORE, plaintiff prays for judgment against each defendant requiring him *to remit to the International Association of Firefighters* Local No. 357 a sum equal to the regular and usual initiation fee and regular monthly dues of the International Association of Firefighters Local No. 357 from the date of January 1, 1975 to the present date. (Emphasis added).

Appellants filed a Motion to Dismiss, one basis being that the Union, and not the City, was the real party in interest. Ind. Rules of Procedure, Trial Rule 17(A). The motion was denied, and after a trial to the court, the City prevailed.

As a party to the contracts involved herein, the City contends it "clearly" had a right to bring suit for breaches thereof. Generally speaking, however, contractual rights must be enforced by the party suffering injury from the breach.[1] *See State ex rel. Anderson v. Brand* (1938), 214 Ind. 347, 13 N.E.2d 955; 17A C.J.S. *Contracts* § 518 (1963). Furthermore, to acquire real party in interest status, the person must have a present and substantial interest in the relief which is sought. *See A.—B.— v. C.—D.—* (1971), 150 Ind.App. 535, 277 N.E.2d 599; *Knapp v. National Building and Loan Association* (1937), 212 Ind. 217, 7 N.E.2d 938; *Zoercher v. Agler* (1930), 202 Ind. 214, 172 N.E. 186. Stated otherwise, the plaintiff must be entitled to the fruits of the action. *See John A. Boyd Co. v. Claffey* (1929), 94 Ind. App. 492, 165 N.E. 255, and cases cited therein.

We think it is clear from the above-quoted provision in the contracts,

---

1.  Although not raised by the parties, we note parenthetically that the language of TR. 17(A)(1) to the effect suit may be brought in the name of "a party with whom or in whose name a contract has been made for the benefit of another" is not applicable here. We do not construe that language to impart real party in interest status to *both* parties to a contract where only one party suffers an injury from the breach.

together with the prayer in the complaint, that the City was merely intended to be the conduit in the collection of delinquent service charges. Monies were to be paid, if at all, to the Union, either directly or through remittance by the City after deductions had been made from the Appellants' paychecks. The City having no demonstrable pecuniary interest, or any other interest of a substantial character in the recovery, had no standing to bring this action.[2]

Finding reversible error, we decline to express an opinion on the other issues raised by the parties.

Reversed and remanded for further proceedings consistent herewith.

Lybrook, P.J. and Young, J., concur.

NOTE—Reported at 381 N.E.2d 493.

---

2.    The term "standing" is more often used in cases involving constitutional questions (*see Board of Commissioners of Howard County v. Kokomo City Plan Commission* (1975), 263 Ind. 282, 330 N.E.2d 92) and challenges to administrative proceedings. *See Bowen v. Metropolitan Board of Zoning Appeals in Marion County* (1974), 161 Ind.App. 522, 317 N.E.2d 193. However, insofar as standing focuses on whether a person has suffered sufficient injury to confer jurisdiction on a court, it is analogous to TR. 17(A)(1). *See City of Indianapolis v. Indiana State Board of Tax Commissioners* (1974), 261 Ind. 635, 308 N.E.2d 868; *Bowen, supra.*