The ESTATE OF C. David RYAN, Susan Ryan, Executrix, and Susan Ryan, Individually, (Appellants–Plaintiffs),

v.

The GREAT–WEST LIFE ASSURANCE COMPANY and Richardson & Associates, Inc., and John E. Richardson, (Appellees–Defendants).

No. 41A01–8612–CV–343.

Court of Appeals of Indiana, First District.

Dec. 28, 1987.

Harold V. Jones, Jr., Cynthia A. Boll, J. Grant Tucker, Jones & Patterson, Columbus, for appellants-plaintiffs.

Robert P. Johnstone, Indianapolis, Thomas C. Bigley, Jr., Columbus, for appellees-defendants.

ROBERTSON, Judge.

Appellant-plaintiff Susan Ryan, in her capacity as Executrix of the Estate of C. David Ryan (Executrix), appeals the trial court's dismissal of her complaint against appellee-defendants The Great–West Life Assurance Company (Great–West) and John E. Richardson (Richardson).

We reverse.

Susan Ryan, as Executrix of her late husband's estate, filed a complaint against Great–West and Richardson, an agent of Great–West, alleging that the defendants had induced Dr. Ryan to surrender four life insurance policies underwritten by other insurance companies and to purchase a policy underwritten by Great–West. The complaint further alleged that Dr. Ryan relied on misrepresentations by Richardson when he cancelled the policies and purchased the Great–West policy. As a result, the Executrix alleged, the plaintiff estate "lost the benefits of the policies of insurance which

Richardson had recommended be cancelled and was damaged thereby."

The trial court granted defendants' motion to dismiss the complaint for failure to state the real party in interest under Trial Rule 12(B)(6). An amended complaint followed, with Susan Ryan, individually, joining the estate as plaintiff. In the amended complaint plaintiffs made their allegations of fraud more specific, and alleged again that the plaintiffs "lost the benefits of the policies of insurance which Richardson had recommended be cancelled and were damaged thereby."

A second motion to dismiss was filed, again asserting that the Executrix was not the real party in interest, since the estate had no claim to the proceeds of the Great–West insurance policy. The court granted the motion, and the estate was dismissed, leaving Susan Ryan individually as the sole plaintiff. From that order, the estate appeals.

The only issue to address is whether the court erred in dismissing the claim of the estate against Great–West and Richardson.

■ Defendants' motion to dismiss was brought under Indiana Rules of Procedure, Trial Rule 12(B)(6), for failure to name the real party in interest under Rule 17. Trial Rule 17 provides that every action shall be prosecuted in the name of the real party in interest. To acquire real party in interest status, a person must have a present and substantial interest in the relief which is sought. *Cook v. City of Evansville* (1978), 178 Ind.App. 20, 381 N.E.2d 493. In other words, the plaintiff must be entitled to the fruits of the action. *Id.*

■ When no evidence has been heard or no affidavits have been submitted, a 12(B)(6) motion should be granted only where it is clear from the *face* of the complaint that under no circumstances could relief be granted. *State v. Rankin* (1973), 260 Ind. 228, 294 N.E.2d 604, 606. The above stated principles concerning T.R. 12(B)(6) generally are equally applicable to

a T.R. 17(A) real party in interest objection under T.R. 12(B)(6). *Id.* In the case at bar, no evidence or affidavits were submitted on the T.R. 12(B)(6) motion. Accordingly, we must determine whether it is clear from the face of the complaint that under no circumstances could the estate be granted relief. *See Childs v. Rayburn* (1976), 169 Ind.App. 147, 346 N.E.2d 655.

■ Great–West argues that the complaint contained no facts from which one could conclude that the estate was the real party in interest. Great–West reasons that the executor would not succeed to any right of Dr. Ryan, the insured, to the proceeds of the cancelled policies because the proceeds would only become payable at his death, to the named beneficiary (which was not his estate). This would be true if plaintiffs were stating a claim to the proceeds of the cancelled life insurance policies.[1]

However, this action is not for proceeds of a policy of insurance. Two Indiana cases presented facts from which we may draw an analogy. The first is *Supreme Council of Knights and Ladies of Columbia v. Apman* (1906), 39 Ind.App. 670, 80 N.E. 640. The plaintiff alleged fraud of an insurance company in procuring a release of the insurance policy on which plaintiff was beneficiary. The appellate court held that plaintiff was not seeking to have the release set aside and to recover on the policy; therefore, damages were not to be measured by the amount the beneficiary could have recovered on the policy in absence of the release. Considering an identical cause of action, the court in *Sovereign Camp of Woodmen of the World v. Latham* (1915), 59 Ind.App. 290, 107 N.E. 749 also concluded that the suit was not based on the contract of insurance.

■ Nowhere in the amended complaint in the case at bar do we find a demand for the proceeds of the Great–West policy. Nor do we believe that plaintiff's allegation that the estate and beneficiary "lost the benefits of the policies of insurance which Richardson had recommended be cancelled

1. The proper plaintiff in an action on a life insurance policy is the wife where she is beneficiary, not the wife as administratrix of insured's estate. *Jordan's Mutual Aid Ass'n. v. Edwards* (1936), 232 Ala. 80, 166 So. 780; *Cannon v. Katz Drug Co.* (1978), Mo.App., 577 S.W.2d 82.

and was damaged thereby" amounts to a demand for policy proceeds, since the cancelled policies were no longer in force and were issued by other companies anyway.

We conclude that plaintiffs have alleged a cause of action for fraud, which is sufficient to withstand a T.R. 12(B)(6) motion. *See Gardner v. Mutual Benefit Health and Accident Assoc.* (1954), 226 S.C. 219, 84 S.E.2d 637. They seek damages based on some measure of recovery having reference to the value of the cancelled policies. Generally, damages for fraud are those which are the natural and proximate consequence of the act complained of. *Hartford Life Ins. Co. v. Hope* (1907), 40 Ind.App. 354, 81 N.E. 595, 599. Any damages suffered by the estate may develop during discovery and remain to be seen. Nevertheless, the complaint did not clearly demonstrate that the Executrix of Dr. Ryan's estate was not a real party in interest. *See Childs, supra.*

Judgment reversed.

GARRARD, P.J., and NEAL, J., concur.