DANIEL K. BAKER, Appellant-Defendant,
v.
GALE M. PHELPS REVOCABLE TRUST and THOMAS O. PHELPS as SUCCESSOR TRUSTEE, Appellees-Plaintiffs.
No. 49A02-0509-CV-841
Court of Appeals of Indiana.
August 23, 2006
GARY M. SELIG, Indianapolis, Indiana, ATTORNEY FOR APPELLANT.
JULIA M. ANDREWS, Bleecker Brodey & Andrews, Indianapolis, Indiana, ATTORNEY FOR APPELLEES.

MEMORANDUM DECISION
CRONE, Judge.

Case Summary
Daniel K. Baker appeals the trial court's judgment of $11,806.92 in favor of the Gale M. Phelps Revocable Trust ("the Trust") and Thomas O. Phelps as successor trustee. We reverse.

Issue
We restate the issue as whether the Trust carried its burden of proof at trial.

Facts and Procedural History
In March 2001, Baker hired Gale Phelps of the law firm of Phelps & Fara to represent him in his marriage dissolution. Baker was initially pleased with Phelps's representation. However, Phelps grew ill, and Baker felt that she was unable to maintain that same quality of representation. He therefore asked her to stop working on his case. A dispute arose as to the amount owed to Phelps for her services up to that point. Unfortunately, Phelps passed away in May 2003 before the dispute was resolved.
In anticipation of her death, Phelps created the Trust. After her death, the Trust brought a breach of contract claim against Baker. At a bench trial held on July 25, 2005, the trustee was unable to testify whether Baker's debt had been assigned to the trust. The declaration of trust was admitted into evidence, but there was no evidence pertaining to the assets belonging to the trust. Melissa Avery of Avery and Cheerva, the successor firm of Phelps & Fara, testified that Avery and Cheerva had not purchased Baker's outstanding debt.
On August 10, 2005, the trial court entered a judgment of $11,806.92 in favor of the Trust.

Discussion and Decision
Baker asserts that the trial court erred in granting judgment for the Trust. "The essential elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages." Breeding v. Kye's Inc., 831 N.E.2d 188, 190-91 (Ind. Ct. App. 2005). "[C]ontractual rights must be enforced by the party suffering injury from the breach of contract." Cook v. City of Evansville, 381 N.E.2d 493, 494 (Ind. Ct. App. 1978). The burden is on the plaintiff to demonstrate that the plaintiff has suffered some injury as a result of the conduct at issue. Shourek v. Stirling, 621 N.E.2d 1107, 1109 (Ind. 1993).
In this case, the Trust cannot demonstrate that it was injured unless it proves that the amount allegedly due under the contract is in fact owed to the Trust. That was not done in this case. The Trust argues that when "Avery and Cheerva failed to purchase the debt owed by Baker, the accounts receivable transferred to Gale Phelps' estate, specifically her Revocable Trust." Appellee's Br. at 5. If Phelps's estate assets poured over into the Trust, that fact was never adduced at trial, nor was any other evidence presented which would demonstrate that the Trust was entitled to collect Baker's debt. While it may in fact be true that is what occurred, there was no evidence of it offered during the trial. While Baker could have asserted as an affirmative defense that the Trust lacked standing or made a motion under Indiana Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted, his failure to do so does not relieve the Trust from its burden of proving that it was injured. Therefore, we hold that the Trust did not carry its burden of proof, and we reverse the judgment of the trial court.
Reversed.
KIRSCH, C. J., and BAILEY, J., concur.