# McNally *v.* Metropolitan Life Insurance Company, Appellant.

*Insurance—Life insurance—Beneficiary—Executor.*

Where an application for life insurance designates a person named as sole beneficiary, and the policy provides that the " production by the company of this policy and of a receipt for the sum assured, signed by any person, furnishing proof satisfactory to the company that he or she is the beneficiary or an executor . . . . of the assured, shall be conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same," the company is bound to pay the beneficiary named in the application, and it is immaterial that some of the premiums were paid by the husband of the assured, and that the policy was surrendered by him to the company as administrator of the insured.

Argued April 2, 1901. Appeal, No. 91, Jan. T., 1901, by defendant, from judgment of Superior Court, Oct. T., 1900,

No. 107, reversing judgment of C. P. No. 4, Phila. Co., Dec. T., 1899, No. 573, on case stated in suit of Kate McNally v. The Metropolitan Life Insurance Company. Before McCOLLUM, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Appeal from the Superior Court.

ORLADY, J., stated the facts to be as follows:

On July 14, 1887, Mary R. Snee made a signed application to the defendant company for $500 insurance on her life, which was accepted by an indorsement thereon, and a policy without date was issued and delivered to her. On July 28, 1899, she died intestate and without issue, leaving to survive her a husband, Andrew Snee, who took out letters of administration on her estate.

The company paid the amount of the policy to Andrew Snee, the administrator, upon his making proofs of her death in the form required by the company, and surrendering to it the policy and premium receipt book. In the answer to the ninth question in the application for insurance, "Name, etc., of person to whom benefit is to be paid," there is written the name "Katie R. Dougherty." In the case stated, it is agreed that: "6. The plaintiff, Kate McNally, was formerly Kate Dougherty, and as such is named in the application aforesaid. She was a niece of the said Mary R. Snee. . . . 2. The premiums upon the said policy were paid by the said Mary R. Snee and by her husband, Andrew Snee."

In announcing the death of Mary R. Snee, the plaintiff gave notice to the defendant as follows: "Several years ago she took out a policy for $500 in your company, and it has always been understood that I, Kate Dougherty, was the beneficiary of the same. If such proves to be the fact I desire to protect my claim. It is possible that the husband of the said Mary R. Snee (Andrew Snee) may present a claim. If it is found that he is the beneficiary, then my claim should not be recognized; but if I am the beneficiary I hope you will give my claim your kind consideration." The defendant subsequently proceeded to pay the amount due under the policy by a check drawn to the order of Andrew Snee and Kate R. Dougherty (Kate McNally)

jointly, but this was not acceptable to the claimants. It was withdrawn, and payment was then made to Andrew Snee as "the duly appointed administrator."

The appellee frankly states the case to be as follows : "The only question for decision, therefore, is as to the company's right to make choice of a payee when the application names a beneficiary." The policy provides that, "In consideration of the representations and agreements in the printed and written application for this policy, . . . . and in consideration of the payment to the company . . . . doth hereby agree to pay to the person or persons designated in Condition Fifth herein . . . ." which is in the following words, to wit: "Condition, . . . . Fifth. The production by the company of this policy and of a receipt for the sum assured, signed by any person furnishing proof satisfactory to the company that he or she is the beneficiary or an executor or administrator, husband or wife, or relative by blood or connection by marriage of the assured shall be conclusive evidence that such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company under this policy have been fully satisfied." The policy and a receipt signed by Andrew Snee, administrator, were produced by the defendant and are made part of the case stated.

*Error assigned* was the judgment of the Superior Court.

*Hazard Dickson*, for appellant.

*Thomas R. Elcock*, with him *John J. Elcock*, for appellee.

PER CURIAM, May 27, 1901:

We are not convinced that the Superior Court erred in reversing the judgment entered in the court of common pleas and in entering a judgment in favor of the plaintiff in the suit. The provisions in the policy of the Metropolitan Life Insurance Company differ materially from some of the provisions in the policies of the Prudential Insurance Company. It cannot fairly be said, therefore, that they are alike in their terms and conditions. In the policy in suit the present plaintiff was named as the beneficiary, and there is no sufficient cause shown for denying to her

the gift she was apparently entitled to receive. We therefore dismiss the assignments of error and affirm the judgment entered by the Superior Court.

Judgment affirmed.