157 So. 487

## ALLBRIGHT v. METROPOLITAN LIFE INS. CO.

### 7 Div. 58.

Court of Appeals of Alabama.
May 22, 1934.

Rehearing Denied June 27, 1934.

Chas. F. Douglass, of Anniston, for appellant.

Chas. D. Kline, of Anniston, and Cabaniss & Johnston, of Birmingham, for appellee.

RICE, Judge.

The action is to recover the death benefit under a policy of life insurance. Pertinent provisions of the policy, are:

"Metropolitan Life Insurance Company * * * doth * * * agree * * * to pay * * * to the executor or administrator of the insured, unless payment be made under the provisions of the next succeeding paragraph."

"The company *may* make any payment * * * to the insured, husband or wife etc." (Italics ours.)

"This policy constitutes the entire agreement between the Company and the insured and the holder and owner hereof. Its terms cannot be changed, or its conditions varied, except by the express agreement of the Company evidenced by the signature of its President or Secretary."

"Under the provision of the policy authorizing payment at the Company's option, to other person, *Ethel Albright, cousin,* has been designated beneficiary to recover death benefit only."

Our views are that under the policy, shown without dispute to be the policy sued on, containing the provisions we have quoted, appellant cannot maintain the suit. Suit can only be maintained by "the executor or administrator of the insured," regardless of whose name properly belongs at the place where that of *Ethel Albright* appears.

This seems to be the clear implication, if not holding, of our Supreme Court, in the opinion in the case of Life Ins. Co. of Va. v. Newell, 223 Ala. 401, 137 So. 16, 17. In that opinion that court said:

"The cases most frequently considered involved policies payable to executors and administrators, or to a (named beneficiary, with an added 'Facility of Payment' clause similar to that here (and there) involved. With practical unanimity such policies are construed as conferring no right of action other than upon the personal representative or named beneficiary.

"The 'Facility of Payment' clause is held to be for the benefit of the insurer in effecting speedy settlement, and, in the absence of some matter of estoppel, to be made available at the option of the insurer." Citing Willard v. Prudential Ins. Co., 276 Pa. 427, 120 A. 461, 28 A. L. R. 1348.

And in this Willard v. Prudential Ins. Co. Case, so cited, the holding, in pertinent part, is that: "The 'facility of payment' clause (similar to that here—quoted in part as the second paragraph of this opinion, we interpolate) gives the company the option to make payment to any relative by blood; just how this could give the plaintiff (a brother, there) a right of action it is a little difficult to understand as the policy in suit, which is the contract between the company and the insured, provides that the money due on it shall be paid to his executors or administrators. To sanction a recovery by plaintiff would, in effect, be to make a new contract between the parties; under the provisions of the policy his right of action cannot be sustained."

Similarly, here, in line with these authorities, the first of which is binding upon us (Code 1923, § 7318), we hold that plaintiff's (appellant's) "right of action cannot be sustained."

The only *obligation* to pay was to the "executor or administrator of the insured"; with an *option* to pay to the designated beneficiary, *under* the provisions of the "Facility of Payment" clause.

The judgment is affirmed.

Affirmed.