155 So. 622

## KELLY v. METROPOLITAN LIFE INS. CO.
### 8 Div. 598.

Supreme Court of Alabama.
June 21, 1934.

David A. Grayson, of Huntsville, for appellant.

O. R. Hood and Roger Suttle, both of Gadsden, and Taylor, Richardson & Sparkman, of Huntsville, for appellee.

maintain an action thereon. The rulings of the trial court were in keeping with these principles.

Affirmed.

GARDNER, FOSTER, and KNIGHT, JJ., concur.

BOULDIN, Justice.

An industrial life insurance policy, payable to the executor or administrator of the insured, containing a "facility of payment" clause, will not support an action by the surviving husband of the insured in his own name.

Such clause confers an option on the insurer to make settlement with one of the persons therein named, facilitating speedy payment without administration, but does not subject the insurer to suit by one or more of such persons. If so, the insurer might be called to answer several separate suits by different claimants. Life Ins. Co. of Va. v. Newell, 223 Ala. 401, 137 So. 16; Allbright v. Metropolitan Life Ins. Co. (Ala. App.) 157 So. 487.

The replication seeking to set up a waiver or estoppel was subject to the demurrer interposed.

It presents not so much a waiver as a modification of the contract whereby a right of action should accrue to a different party from that named in the contract.

If the act of the local agent of the insurer in preparing proofs of death in the name of the surviving husband can be construed as an effort to so modify the contract, the agent, in the case of the nonwaiver provisions of the contract, could not bind the insurer by such undertaking. Life Ins. Co. of Va. v. Newell, supra; Southern States Fire Ins. Co. v. Kronenberg, 199 Ala. 164, 74 So. 63.

Such replication is insufficient to show ratification of such undertaking by its agent for failure to aver knowledge upon which ratification must rest. Nor does it appear how a failure to notify the plaintiff of the terms of the contract held by the insured could manifest an intent to modify its terms by change of the party entitled to