LIFE & CASUALTY CO. OF TENNESSEE *v.* NIX.

(Division A. Jan. 21, 1935. Suggestion of Error Overruled Feb. 18, 1935.)

[158 So. 797. No. 31439.]

Leonard B. Melvin, of Laurel, and Moreau P. Estes, of Nashville, Tenn., for appellant.

Albert Easterling and **Welch & Cooper**, all of Laurel, for appellee.

Argued orally by **Moreau P. Estes** and **Leonard B. Melvin,** for appellant, and by **Ellis B. Cooper,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellee is the administrator of the estate of Sampson Nix, deceased, and the appeal is from a judgment awarded on a life insurance policy issued to the deceased by the appellant. The policy insures against death, or loss of limb or sight, by accidental means. In the caption of the policy Alma Nix is designated as the beneficiary, but her name does not appear in the body thereof.

The policy provides that, if the insured "shall suffer any of the specific losses set forth below, the company will pay to the insured or to the executors or administrators of the Insured the sum set opposite such loss, or shall pay such sums to the beneficiary named herein, and such payment shall be a full settlement under this policy, which shall be delivered up for cancellation.

For loss of Life    One Thousand Dollars ($1,-000.00)

Both Hands    One Thousand Dollars ($1,-000.00)

. . . . . .

"4. Written notice of injury on which claim may be based must be given to the Company within twenty days

after the date of the accident causing such injury. In event of accidental death immediate notice thereof must be given to the Company.

"5. Such notice given by or in behalf of the Insured or executor or administrators of the Insured as the case may be, to the Company at its Home Office, Nashville, Tennessee, or to one of the District Offices of the Company, with particulars sufficient to identify the Insured, shall be deemed to be notice to the Company.

. . . . . .

"10. Indemnity for loss of life of the Insured is payable to the executors or administrators of the Insured. All other indemnities of this policy are payable to the Insured."

The appellee's declaration alleges the issuance of the policy, the death of the insured, the appellee's appointment as administrator of the insured's estate, and that there was no such person known as Alma Nix. The appellant denied liability, and pleaded specially a decree of the chancery court in a case in which Mrs. Alma Walters Hendrickson was the plaintiff and the appellant was the defendant, wherein the court decreed that the plaintiff was the person intended to be designated in the policy by the name of Alma Nix, and awarded her a judgment thereon against the appellant, which judgment was paid and satisfied.

A demurrer to this plea was sustained, and the case was tried on its merits.

The appellee proved the issuance of the policy, the death of the insured, his appointment as administrator of the insured's estate, and that there was no such person known as Alma Nix. Over the objection of the appellant, it was also proved that an officer and attorney of the appellant, who was approached by the appellee for a settlement of the policy, admitted that the policy was in full force and effect. The appellant then offered, but was not permitted to prove, the decree of the chancery

court referred to in its special plea, and, by hearsay testimony, that Mrs. Alma Walters Hendrickson was the person intended to be designated in the policy by the name of Alma Nix. The hearsay evidence offered by the appellant was, of course, properly excluded, as was also the decree of the chancery court, for the reason that the appellee was not a party thereto, and therefore not affected thereby. For the same reason the demurrer to the appellants plea was properly sustained.

It will be unnecessary for us to consider the appellant's objection to the various rulings of the court below on the introduction and exclusion of the evidence and the granting and refusing of instructions, for the reason that the appellee on the uncontradicted evidence was entitled to a directed verdict.

The appellant's contention is that it was incumbent upon the appellee to allege and prove, not only that there was no such person known as Alma Nix, but that no person was intended to be designated by that name, which the appellee failed to do. In other words, the appellant's contention is that the administrator's right of action arises only when it is made to appear that there was no beneficiary designated in the policy. While this question is not without difficulty, it seems reasonably clear that the right of action on the policy for the death of the insured is vested in the insured's administrator. Such is expressly declared to be the case in one of the provisions of the policy hereinbefore set forth. The difficulty arises under the further provision of the policy wherein it stipulates that payment may be made to the beneficiary. Construing these two provisions of the policy together, it seems clear that what they mean is simply this: Indemnity for loss of life to the insured is payable to the executor or administrator of the insured, but, if the company shall pay the beneficiary named therein, such payment shall be a full settlement under this policy, which shall be delivered up for cancellation. So con-

strued, the cause of action is in the executor or administrator, but payment to the beneficiary will be a bar thereto, which payment is a matter of defense to be pleaded and proved by the appellant when sued on the policy.

Affirmed.