164 So. 83

# LIFE & CASUALTY INS. CO. OF TENNESSEE v. CROW.

## 6 Div. 489.

Supreme Court of Alabama.
Oct. 31, 1935.

Smyer, Smyer & Bainbridge, of Birmingham, for appellant.

145

D. G. Ewing and Trawick & Clark, all of Birmingham, for appellee.

BROWN, Justice.

This action is by the appellee, named on the face of the policy of insurance as beneficiary, to recover a sum of money alleged to be due on said policy in consequence of the death of her husband, Jeff Crow, who was insured thereunder against the loss of life "as a result of bodily injuries effected solely by external, violent and accidental means by being struck by a vehicle propelled by gasoline while walking or standing on a public highway."

The complaint avers that plaintiff was named in said policy as beneficiary, and that said policy is her property.

The defendant pleaded the general issue in short by consent, with leave to give in evidence any matter that would constitute a bar to the plaintiff's right of recovery, with leave to plaintiff to offer evidence in reply thereto.

The evidence was without dispute that Crow was run upon and killed by an automobile. Crow was at the time walking along a public sidewalk in Ensley, Ala., and the automobile turned the corner, to use the language of an eye-witness, "so fast it could not straighten up and went across the sidewalk, through my yard, catching Mr. Crow on the front end of the car."

The evidence is also without dispute that plaintiff is the person really interested in the money alleged to be due on said contract.

The policy stipulated on its face to pay "to the Insured or to the executors or administrators of the Insured the sum of such loss; *or shall pay such sums to the beneficiary named herein.*" (Italics supplied.)

On the back or second page of the policy, not over the signature of the insurer, but made a part thereof, under the heading "Standard Provisions," is the following stipulation: "11. Indemnity for loss of life of the Insured is payable to the executors or administrators of the Insured. All other indemnities of this policy are payable to the Insured."

The appellant's first contention is that the right of action on the policy for the death benefits is in the personal representative of said Crow, deceased, and therefore the affirmative charge requested by it in writing was erroneously refused. In support of this contention, Kelly v. Metropolitan Life Ins. Co., 229 Ala. 70, 155 So. 622, and Life & Casualty Co. of Tennessee v. Nix, 172 Miss. 91, 158 So. 797, are cited. In Kelly's Case the death benefits, under the terms of the policy, were payable to "the insured's executor or administrator, and none other," and it does not appear that the plaintiff in that case was a beneficiary, or what, if any, right or interest he had in the policy other than that he was the husband of the insured. The question in that case arose on the sufficiency of a replication to the defendant's plea in abatement, setting up the provision of the policy above stated.

Under the statute, Code 1923, § 5699, "Actions on promissory notes, bonds, *or other contracts, express or implied, for the payment of money,* must be prosecuted in the name of the party really interested, whether he has the legal title or not," and it has been repeatedly ruled that an insurance policy, after the loss occurs, is within the influence of this statute. Capital City Insurance Co. v. Jones, Assignee, 128 Ala. 361, 30 So. 674, 86 Am. St. Rep. 152; Union Ins. Soc. of Canton, Limited, v. Sudduth et al., 212 Ala. 649, 103 So. 845; Home Ins. Co. of New York v. Scharnagel, 227 Ala. 60, 148 So. 596. (Italics supplied.)

In view of the statute, we do not regard the Mississippi case as an apt authority.

The evidence is also without dispute that the application for the issuance of the policy was solicited by defendant's agent Gray, who had authority to take the application, collect the premiums, and deliver the policy; that in fact he collected the first premium and delivered the policy, and collected subsequent premiums; that said application was solicited by Gray from the plaintiff; that she answered the questions asked her by Gray, and Gray wrote the answers in plaintiff's immediate presence; that she had neither knowledge nor reason to suspect that Gray had not correctly recorded her answers, and she did not read the application before signing the same, although she had an opportunity to do so. The application was made on a printed form produced by Gray, the agent

of the company, and among other questions printed in the application is the following: "21. Are you blind, deaf, dumb or have you any physical or mental defect or infirmity of any kind?" This question, as it appears from the application offered in evidence, was answered, "No."

The evidence was without dispute that insured, Jeff Crow, when he was a young man, about nineteen years of age, had lost his right foot; the plaintiff testified that she so informed the defendant's agent Gray at the time Gray took the application for the insurance.

The premiums were payable weekly, and the insurer continued to collect premiums on said insurance for more than a year.

The policy contains the following exceptions: "This policy does not cover disappearance, or injuries of which there is no visible contusion or wound on the exterior of the body of the Insured, or injuries received by the Insured while engaged as a brakeman, switchman, conductor, fireman, or engineer of a railroad, or employed in the yards or roundhouse of a railroad, or enrolled in the military or naval service in time of war, or while engaged at any time in aeronautic or submarine operations as Operator, Passenger, Guest, or otherwise, or loss resulting from any means or act which, if used or done by the Insured while in possession of all mental faculties, would be deemed intentional or self-inflicted; nor shall it cover any one who at the date of its issue *shall be blind in either eye, deaf, dumb, or deprived of the use of either hand or foot,*" etc. (Italics supplied.)

Appellant contends that the quoted exceptions excluded the insured, Jeff Crow, from the coverage of the policy, and the court erred in refusing it the affirmative charge.

Aside from any question as to the true meaning of the quoted exceptions, whether the italicized clause applies merely to the loss of the *use* of the member— the hand or foot—leaving the body incumbered with a dead member, or to the loss of the member, itself, the defendant is estopped to plead said exception in avoidance of its liability. Washington National Insurance Co. v. Peter Scott, ante, p. 131, 164 So. 303; Yorkshire Ins. Co., Limited, v. Gazis, 219 Ala. 96, 121 So. 84; Emerson-Brantingham Implement Co. v. Arrington, 216 Ala. 21, 112 So. 428.

The evidence is without conflict that defendant's agent Gray, who solicited and took the application, accepted the premium, and delivered the policy, was informed while investigating the risk that the insured had lost his right foot. It is also without dispute that said Gray was at the time engaged in the business of his principal and acting within the line and scope of his authority. The evidence also shows that it was said Gray's duty to report to his principal facts coming to his knowledge as to the physical condition of an applicant affecting the risk or justifying the insurer in refusing to deliver the policy.

There is nothing in the application prepared by said Gray, and purporting to have been signed by the insured, limiting Gray's authority; nor was it attached to and made a part of the policy.

■ It is a well-established general doctrine in the law of agency that notice to an agent while engaged in the business of the principal, acting within the scope of the agent's authority in respect to a transaction *depending*, is imputed to the principal, and when the principal adopts the acts of the agent, he does so in the light of such imputed notice. Girard Fire & Marine Ins. Co. et al. v. Gunn, 221 Ala. 654, 130 So. 180; Triple Link Mutual Indemnity Ass'n v. Williams, 121 Ala. 138, 26 So. 19, 77 Am. St. Rep. 34; National Life & Accident Ins. Co. v. Baker, 226 Ala. 501, 147 So. 427; Piedmont & Arlington Life Ins. Co. v. Young, 58 Ala. 476, 29 Am. Rep. 770; Queen Insurance Co. v. Young, 86 Ala. 424, 5 So. 116, 11 Am. St. Rep. 51.

What appears to be an exception to this general rule is that where the insured has signed a written application, which is incorporated in the policy or attached and made a part thereof in accordance with section 8371 of the Code of 1923, and in such application the authority of the agent in respect to the delivery of the policy is limited by express stipulation, of which the insured is bound to have knowledge, the doctrine of imputed notice does not apply, unless the agent be a general agent—an alter ego—of the insurer. In such circumstances there is nothing required on the part of the insurer which could be treated as an adoption of the agent's acts, and the insurer has protected itself by entering into a contract with the insured limiting the agent's authority. Bankers' Credit Life Ins. Co. v. Ayres, 223 Ala. 407, 137 So. 23; Powell v. Prudential Insurance Co. of America, 153 Ala. 611, 45 So. 208; Reliance Life Ins. Co. v. Sneed, 217 Ala. 669, 117 So. 307.

■ Cases involving waiver or estoppel based on notice or knowledge, coming to a mere *soliciting* agent after the completion of the contract and the risk has attached, are not within the general doctrine above stated, unless it be shown that such agent is, at the time he acquires such notice, acting for the insurer and within the scope of his authority in respect to the particular risk involved. Prine v. American Central Ins. Co., 171 Ala. 343, 54 So. 547; Southern States Life Ins. Co. v. Dunckley et al., 226 Ala. 588, 148 So. 320.

■ In the circumstances hereinbefore stated, Mrs. Crow, in signing her husband's name to the application, had the right to assume that Gray correctly wrote into the application the information imparted to him, and no duty rested upon her to read it before placing the name of the insured thereto. Triple Link Mutual Indemnity Ass'n v. Williams, supra.

■ The statements in the application, not incorporated in and made a part of the policy, cannot be availed of as warranties, and there is no basis in the evidence for a plea of fraud and deceit in procuring the insurance.

Application of the principles stated precludes imputation of error in the proceedings of the trial court.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.