166 So. 780

## JORDAN'S MUT. AID ASS'N Inc., v. EDWARDS.

### 6 Div. 906.

Supreme Court of Alabama.

March 26, 1936.

Wilkinson & Wilkinson, of Birmingham, for appellant.

Jas. Esdale and John T. Batten, both of Birmingham, for appellee.

## BOULDIN, Justice.

Action for damages from breach of the obligations of a burial insurance policy.

Jordan's Mutual Aid Association, Inc., issued a policy to Carrie Washington, whereby, in consideration of the payment of a weekly premium of 21 cents, and on receipt of proof of death, etc., the insurer would pay to the mortician named in the policy for furnishing a funeral and services for the insured as provided therein to the retail value of $250.

The mortician named was Jordan Undertaking Company, connected with and having a common management with the insurer.

The policy named as "Beneficiary, Lula Edwards, daughter."

The policy stipulated: "2. It shall be the privilege of the beneficiary named in the policy to select a Burial Society casket from the funeral home of the Mortician named herein, and it shall be the duty of the beneficiary to furnish full instructions to the Company or the mortician named herein as to the time and place of the funeral."

The policy further stipulated for embalming the body, transportation of a limited number to attend a local interment, or transportation of the body to a distant point.

The complaint alleges the mortician failed and refused to furnish a funeral of the retail value stipulated, denied to the beneficiary the privilege of selecting the casket as per contract, and instead used a cheap inexpensive casket of the mortician's own selection.

The action was brought by Lula Edwards, as administratrix of the estate of Carrie Washington, the insured. The policy was made part of the complaint. Demurrer raised the point that the suit must be brought by Lula Edwards, individually, as the beneficiary named in the policy, not by the personal representative of the insured.

The trial court overruled the demurrer. This ruling is here presented for review.

The nature and purpose of such insurance is the controlling inquiry.

It is not the purpose to create an estate for administration, the payment of debts, and distribution among next of kin. The end and aim is to provide for a proper burial and funeral when the occasion arrives.

This type of insurance is primarily for the poor. By a small weekly sum a fund is built up in the hands of the insurer. In this case the mortician to furnish the funeral is named; one identified with and having a common interest with the insurer.

To all intents and purposes we may say the insurer undertook here to furnish the funeral through its mortician of the value stipulated.

Naming the daughter, as beneficiary, had a distinct purpose disclosed in the policy. She was thus appointed by the insured as the one to fix the time and place of the funeral and interment, the one who should select the casket. She was the one to see that the contract was carried out. When she selected the casket, it was not for the administratrix to object. The contractual obligations, in our opinion, ran to her, as beneficiary.

It is suggested for appellee that on failure to furnish the funeral, the burden would have fallen on her kindred. The purpose of the policy was that the burden of burial should not fall on the family nor be a charge on her estate, if any she had. The moral burden was placed on the daughter to see to the execution of the contract, and to her the duty of performance was due.

This case does not present a facility of payment clause as in Kelly v. Metropolitan Life Ins. Co., 229 Ala. 70, 155 So. 622; Life Ins. Co. of Virginia v. Newell, 223 Ala. 401, 137 So. 16; Allbright v. Metropolitan Life Ins. Co., 26 Ala.App. 216, 157 So. 487.

These cases, especially the Newell Case, fully recognize the general rule that where

there is a named beneficiary, the right of action vests absolutely in him on the death of the insured.

Sovereign Camp, W. O. W., v. Craft, 208 Ala. 467, 94 So. 831, presented kindred provisions touching the erection of a tombstone for the insured. While holding no action could be maintained for this benefit under the facts of the case, the court (208 Ala. 467, at page 471, 94 So. 831, 835) made this incidental observation: "No doubt the provision in the certificate, as qualified by the laws of the society, expresses a contractual obligation in favor of the beneficiary, for the breach of which an action will lie."

While this point was not directly involved, we think the announcement correct.

The subject, in a general way, is treated in 2 Couch Ency.Ins.Law, § 311. See, specially, Smith v. Metropolitan Life Insurance Company, 222 Pa. 226, 71 A. 11, 20 L.R.A.(N.S.) 928, 128 Am.St.Rep. 799; McNally v. Metropolitan Life Insurance Company, 199 Pa. 481, 49 A. 299; Grand Lodge of United Brothers, etc., v. Carroll, 73 Okl. 49, 174 P. 767.

We do not think the clause beginning, "Face Value of the Policy, 40%," has the effect to modify or limit the obligation to furnish a funeral of the retail value of $250; neither the insured nor the insurer having exercised any of the options on which a cash sum, in lieu of performance, was to be payable. Insurance contracts must be construed favorably to the insured.

For the error in overruling the demurrer, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.