379 P.2d 129

**Steve CONDOS, Appellant,**

**v.**

**UNITED BENEFIT LIFE INSURANCE COMPANY OF OMAHA, NEBRASKA, an insurance corporation, Appellee.**

**No. 7087.**

Supreme Court of Arizona.

In Division.

Feb. 27, 1963.

**144**

Charles Christakis, Phoenix, for appellant.

Snell & Wilmer, Phoenix, for appellee.

BERNSTEIN, Chief Justice.

Appellant was plaintiff in a suit to enforce conditions on which he was sold life insurance policies or in the alternative for a refund of premiums. Summary judgment was entered for the defendant, from which the plaintiff appeals.

Plaintiff was delivered two life insurance policies in 1941, and he claims at the time he was sold the policies, the agent told him they would start paying dividends at the end of three years; there was a cash redemption provision that went into effect at the end of five years, and that the premium would be waived if he was ill. The only one of these conditions which existed was that the policies provided for a cash or loan value after three years and no dividends were paid. It is plaintiff's position that these representations were made fraudulently and he relied upon them when he bought the policies.

Plaintiff cannot read English and as soon as he received the policies, he put them in a strong box, where they remained for the next 15 years. Plaintiff never asked anyone to read the policies to him, but he continued to pay premiums on them.

Defendant moved for summary judgment on the grounds the cause of action was barred by the statute of limitations, laches and estoppel. As our decision turns on the application of the statute of limitations, we do not discuss the questions of laches or estoppel.

A.R.S. § 12-543 states:

"§ 12-543. Oral debt; stated or open account; relief on ground of fraud or mistake; three year limitation

"There shall be commenced and prosecuted within three years after the cause of action accrues, and not afterward, the following actions:

"1. For debt where the indebtedness is not evidenced by a contract in writing.

"2. Upon stated or open accounts other than such mutual and current accounts as concern the trade of merchandise between merchant and merchant, their factors or agents, but no item of a stated or open account shall be barred so long as any item thereof has been incurred within three years immediately prior to the bringing of an action thereon.

"3. For relief on the ground of fraud or mistake, which cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

Plaintiff claims not to have discovered the fraud until 1958, filed his complaint at that time, and contends that the three-year period begins to run from the time of this discovery. The reason he gives for failing to discover the fraud is because he cannot read English and he trusted the agent who sold him the policies. From 1954 to 1958 he attempted to get the company to honor the policy as represented to him or refund his premiums, and he claims the promises of action by the employees of the company were calculated to keep him from looking into the exact terms of the policies. Accepting the latter statements as true, the question is whether plaintiff may rely on his inability to read English to justify not advising himself of the contents of the policies between 1941 and 1954.

In Sovereign Camp of the W.O.W. v. Daniel, 48 Ariz. 479, 487, 62 P.2d 1144, 1148, this court said:

"It is generally held that, when a person is unable to read a document which he signs, it is his duty to have the same read to him, if there is a person available who can read it, and that, if he neglects to have this done, he may not thereafter be heard to say that he did not assent to its provisions."

See, also, Betancourt v. Logia Suprema de La Alianza Hispana-Americana, 53 Ariz. 151, 86 P.2d 1026, and the statement of this court in Mutual Benefit Health & Accident Association v. Ferrell, 42 Ariz. 477, 488–489, 27 P.2d 519, 523–524:

"There are cases, it is true, which hold in effect that, if false representations have been made, the grossest negligence and stupidity in determining the true facts of the case on behalf of the party seeking to avoid the instrument will not bar him from claiming fraud. We are of the opinion, however, that this extends the rule entirely too far. If a party in full possession of his mental faculties, able to read and under-

**146**

stand an instrument, and dealing at arm's length with the other party, who admits that he did not take the trouble to read or examine it when presented to him for his signature, is permitted to set it aside on his oral testimony that false representations were made to him at the time by the other party, the parol evidence rule by centuries of experience might just as well be entirely discarded and written contracts of any nature are worthless. We cannot believe that such is the law, and we therefore hold that, when no reasonable excuse is offered or appears for the failure to read a document, except that the other party stated it to be what it was not, the party executing it will not be permitted to avoid it on the ground of fraud."

We are of the opinion that at some time during the period from 1941 to 1954, plaintiff could and should have informed himself about the terms and conditions of the policies. An illiterate may not turn his disability into a sword with which to improve his own rights at the expense of others. The cause of action is barred by A.R.S. § 12–543.

Affirmed.

STRUCKMEYER and LOCKWOOD, JJ., concur.