BRADLEY, Judge.
This appeal is from the trial court’s judgment dismissing the complaint.
On March 3, 1947 Willie C. Lewis and Essie M. Lewis entered into a contract for burial insurance with East Alabama Funeral Insurance Company (East Alabama). This contract stated that certain burial and funeral benefits would be provided upon the death of the Lewises’ daughter, Pau *1091 line, in return for periodic payments of $.11 per week for fifteen years.
The Lewises contend that East Alabama Funeral Insurance Company and its successor company, Liberty National Life Insurance, represented to them that the burial policy would provide up to one thousand miles of transportation of the daughter’s body from the place of her death to Alexander City, Alabama; the preservation and embalming of her body; casket; and funeral and burial expenses. The Lewises contend that they signed the policy in reliance on the above representations.
In May 1983 Pauline died and the Lewis-es filed a claim under the policy to claim benefits, including transportation of Pauline’s body from Fort Myers, Florida to Alexander City. East Alabama denied the Lewises’ claim, informing them that the only benefit payable under the policy was a cash payment of $150.24. The policy did not contain any of the above listed benefits.
The Lewises then brought a claim against East Alabama for compensatory and punitive damages sustained as a proximate consequence of East Alabama’s fraud.
East Alabama filed a motion to dismiss the complaint on several grounds, including failure to state a claim upon which relief can be granted, failure to specify allegations of fraiid as required by rule 9(b) of the Alabama Rules of Civil Procedure, and statute of limitations.
The trial court granted the motion to dismiss and dismissed the Lewises’ complaint. The Lewises appeal the dismissal of their complaint. As our decision turns on the application of the statute of limitations, we do not discuss other grounds for dismissal raised by East Alabama.
The alleged fraud in the case before us took place on March 3, 1947, when the parties entered into the insurance contract. There is a one year limitation on actions for fraud. See § 6-2-39, Code 1975. The Lewises brought their claim for fraud on June 15, 1984. Thus, the Lewises’ complaint, on its face, appears to be barred. However, section 6-2-3, Code 1975, reads:
“In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his action.”
Case law has established that a fraud is deemed discovered when it was either actually discovered or ought to have been discovered. See, e.g., Papastefan v. B & L Construction Co., 385 So.2d 966 (Ala. 1980). Our inquiry, then, for purposes of determining whether the Lewises’ claim is barred by the statute of limitations is when the Lewises discovered the alleged fraud.
We consider the supreme court’s opinion in Gonzales v. U-J Chevrolet Co., 451 So.2d 244 (Ala.1984), persuasive. In Gonzales v. U-J Chevrolet Co., plaintiff contended that defendant showed her a car which defendant represented to be a demonstrator model with eight cylinders and full new-car warranty. She purchased this ear and received a documentation of the sale. The document of sale clearly showed that the car was used, but plaintiff stated that she never looked at it although it was in her possession. A year later, plaintiff discovered that the car was used when she bought a tag for the car. She then reviewed the sales document, which revealed that her car was used, had six cylinders, and had no warranty. Plaintiff then brought a suit against defendant for fraud in the sale of the car, more than a year after purchasing the car and receiving the document of sale. The supreme court held that plaintiff’s claim was barred since plaintiff should have discovered the fraud when she received the documentation of sale. The grant of summary judgment in defendant’s favor was affirmed.
We think the same result is dictated here. As indicated above, the Lewises entered into the insurance contract in 1947. They filed against East Alabama for fraud and misrepresentation approximately thir *1092 ty-six years later. The insurance policy clearly does not contain the benefits, such as transportation, that the Lewises thought it did. Further, had the Lewises read the policy, they would have discovered that the benefits in dispute were not incorporated into the contract. The Lewises assert in brief, however, that they had no reason to review the policy until after their daughter died, because they relied on insurer’s misrepresentations.
Yet, in order for the Lewises to rely on their ignorance of facts material to their rights as an excuse for their delay in asserting their cause of action and to assert the saving provisions of section 6-2-3, they must aver:
“[W]ith precision the facts and circumstances which allegedly were not discovered and to which appellants allegedly were defrauded, ... how or when these facts were discovered, ... what prevented these facts from being discovered before the bar of the statute became complete and .... facts acquitting appellants of all knowledge of facts which ought to have put them on inquiry.”
Johnson v. Shenandoah Life Insurance Co., 291 Ala. 389, 281 So.2d 636 (1973). See also Amason v. First State Bank, 369 So.2d 547 (Ala.1979).
The Lewises have failed to show by distinct averments why they could not have discovered the alleged fraud through the exercise of due diligence. Nor have they averred any facts which show that East Alabama fraudulently prevented discovery of facts constituting the alleged fraud. We, therefore, conclude that the Lewises’ claim for damages based on East Alabama’s fraud and misrepresentation is barred by the statute of limitations.
Cases in accord with our decision include: Condos v. United Benefit Life Insurance, 93 Ariz. 143, 379 P.2d 129 (1963); Life & Casualty Insurance Co. v. Walker, 62 Ga.App. 819, 10 S.E.2d 124 (1940); Abels v. Bennett, 158 Neb. 699, 64 N.W.2d 481 (1954); Moore v. Fidelity & Casualty Co., 207 N.C. 433, 177 S.E. 406 (1934); Matter of Woodward, 549 P.2d 1207 (Okla.1976).
We affirm the trial court’s order dismissing the Lewises’ complaint.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.