Sue Davis appeals from a summary judgment granted to Southern United Life Insurance Company (hereinafter "Southern") and Ralph Howell on the issues of breach of contract and fraud. We reverse the trial court's summary judgment as to the contract claim. We affirm as to the fraud claim.
In January 1965, Aveline Knight, the decedent, purchased a memorial policy from Southern. Under its terms, she was to pay on the policy for a period of 15 years and, on her death, a grave monument of $125 retail value was to be provided. Aveline Knight died on February 16, 1982, having paid all amounts owed under the policy.
Sue Davis is the decedent's daughter and is the administratrix of the decedent's estate. Davis is also the beneficiary of the memorial policy in question. Davis had no involvement with her mother's purchase of the memorial policy and had no dealings with Southern prior to her mother's death.
In March 1983, Davis went to West Alabama Memorials to purchase a monument for her mother's grave. She selected a monument priced at $510, and presented the monument policy to the dealer, Mr. Barnett. Barnett told Davis that he did not think that Southern would pay 100% of the face amount of the policy, $125. A call to Southern confirmed that. Nevertheless, Davis purchased the $510 memorial and paid Barnett one half of the total purchase price and agreed to pay the remainder at the time the memorial was erected.
Shortly thereafter, Davis spoke with defendant Ralph Howell, Southern's agent, who again verified that Southern would pay only 75% of the policy's face amount. Howell agreed, however, to call Barnett of West Alabama Memorials to see if he would accept 75% for the portion of the cost of the monument covered by the insurance policy. Davis testified that Howell also told her that he would speak to the home office to see if it would pay 100% — the entire $125. Howell called Barnett, who refused to take a 25% loss.
West Alabama Memorials installed the monument and was paid the balance. Davis took the policy to Southern and gave it to Howell, who said that he would take care of her claim. One week later, Davis received a check for $62.50 or 50% of the policy's face amount. Davis filed suit, seeking $49.75 in compensatory damages and $1,000,000.00 in punitive damages for breach of contract, fraud, and bad faith.
Southern contends that the memorial policy sold to Aveline Knight provided for the furnishing of a service — a memorial — and not for the payment of money. However, the beneficiary of the policy had the choice of receiving the optional cash value (50% of face value), which, according to Southern, Davis chose. Furthermore, Southern argues *Page 50 
that the policy clearly required that the memorial be purchased from one of its authorized dealers. Southern's authorized dealers were bound by contract to furnish a memorial to Southern's insureds in consideration of receiving from Southern a reimbursement of 75% of the face amount of the policy. West Alabama Memorials, the dealer used by Davis, was not one of Southern's authorized dealers.
The following provisions in the memorial policy are pertinent to Southern's assertions:
 "[Southern] HEREBY AGREES . . . to immediately furnish a memorial according to the terms and conditions stated on the following pages. . . .
". . .
 "1. Subject to the terms and conditions hereof, the Company agrees to furnish a memorial of the retail value stated in the schedule on the back hereof . . . at any place within the State of Alabama or any place outside the State of Alabama not more than 75 miles from an authorized monument dealer of the Company.
 "2. Should the designated place of erection be outside of the State of Alabama and more than 75 miles from an authorized memorial dealer of the Company, the Company will, upon request of the beneficiary . . . furnish and express prepaid to the railway station nearest the designated place of erection, a memorial of the retail value stated in the schedule . . . or at the option of the Company, will pay to the beneficiary . . . the sum of fifty per cent of the retail value of the memorial as stated in the schedule. . . .
"TERMS AND CONDITIONS
 "3. The memorial may be selected from stock of the Company's authorized memorial dealers by the beneficiary in the Policy or any person authorized in lieu of the beneficiary. . . . No expense incurred by a memorial dealer or other person, other than an authorized memorial dealer of the Company, is to be paid by this Company."
Southern and Howell filed a motion for summary judgment, which was granted, as to all claims, on October 29, 1985.
Davis raises the following specific issues for our review: (1) Whether the contract was breached by the insurer; (2) whether the decedent's contract claims survive in favor of her personal representative; (3) whether a showing of fraud may be made based on Southern's dealings with the decedent in this case; and (4) whether a fraud claim may be maintained on behalf of the decedent by her personal representative.
At the outset, we note that Davis does not allege any error in the grant of summary judgment on her bad faith claim against Southern or in the grant of summary judgment on her claims against defendant Howell. We, therefore, do not address the propriety of these rulings.
On the record before us, Davis has not alleged or produced evidence of any misrepresentation made by Southern to her deceased mother. Besides, a claim based on fraud perpetrated on her mother would not survive in favor of the personal representative, § 6-5-462, Ala. Code 1975. We, therefore, find no error in the trial court's summary judgment on the fraud claim. However, we do agree with Davis that it was error for the trial judge to grant summary judgment on her claim against Southern for breach of contract.
Davis contends that Southern breached its obligations under the insurance policy. Davis claims that the language in the policy does not clearly require, as a prerequisite to receiving the full benefits of the policy, that the insured (or her beneficiary) purchase the memorial from an "authorized dealer." At the risk of being repetitious, we note that clause three of the document entitled "Memorial Benefit and Options" reads:
 "3. The memorial may be selected from stock of the Company's authorized memorial dealers by the beneficiary in the Policy or any person authorized in lieu of the beneficiary. . . . No expense incurred by a memorial dealer or other person, other than an authorized memorial *Page 51 
dealer of the Company, is to be paid by this Company." (Emphasis added.)
Davis argues that the use of the term "may" does not indicate a mandatory requirement that the monument be purchased from an authorized dealer. Rather, Davis contends, this language appears to offer the holder of the policy an opportunity to obtain the monument from an authorized dealer, but falls short of establishing it as a mandatory term of the policy.
Southern contends that the use of the word "may" clearly applies to the fact that the memorial may be selected by the beneficiary or a person designated in lieu of the beneficiary. Southern argues that there is no ambiguity in this particular provision; Southern says the provision clearly states that the memorial will be furnished by Southern or one of its authorized dealers, and that "[n]o expense incurred by a memorial dealer or other person, other than an authorized memorial dealer of the company, is to be paid by this Company." Thus, Southern contends that Davis did not abide by the terms of the contract. Southern says she did not go to an authorized dealer and, therefore, had no right to reimbursement, and that when she filed her claim, it could only be a claim for the cash benefit, and that this was tendered to her in the amount of $62.50, according to the terms of the policy.
If the court finds as a matter of law that a contract is unambiguous, then the construction and legal effect of that contract are a determination that may be appropriately made by summary judgment. Food Service Distributors, Inc. v. Barber,429 So.2d 1025 (Ala. 1983). We find that the provision in issue is ambiguous. The meaning of the term "may" could be considered unclear. When there is some dispute as to the terms of a contract and it appears that the terms are ambiguous, but capable of being clarified by consideration of surrounding facts and circumstances, a jury question is presented. Hall v.Integon Life Ins. Co., 454 So.2d 1338 (Ala. 1984); HartfordAcc. and Indem. Co. v. Morgan County Ass'n of VolunteerFirefighters, 454 So.2d 960 (Ala. 1984). It was error to grant summary judgment as to Davis's breach of contract claim, particularly in view of the maxim that ambiguous provisions in insurance policies are to be construed most strongly against the insurer. McGuire v. Wilson, 372 So.2d 1297 (Ala. 1979). For purposes of summary judgment, the facts must be viewed most favorably to the non-moving party. Torres v. State Farm Fire Casualty Co., 438 So.2d 757 (Ala. 1983). If the evidence, or any reasonable inference therefrom, contains the smallest trace in support of a cognizable theory advanced by the non-moving party, the trial court must allow the factual question to go to the jury. Griffin v. Little, 451 So.2d 284 (Ala. 1984).
We do not agree with Southern's contention that Davis is prohibited from pursuing her contract action because she sued in her capacity as personal representative of Knight's estate and not in her individual capacity as beneficiary under the policy in question.
This Court has addressed this issue in Jordan's Mut. AidAss'n, Inc. v. Edwards, 232 Ala. 80, 166 So. 780 (1936). InJordan's, the administratrix, who was also the beneficiary under the burial insurance policy, sued for damages for breach of the insurance company's obligations under the burial policy. As in the present case, the defendant insurance company inJordan's, supra, also contended that the suit had to be brought by the plaintiff in her individual capacity as beneficiary of the policy, and not in her capacity as personal representative of the insured decedent. This Court stated:
 "The nature and purpose of such insurance is the controlling inquiry.
 "It is not the purpose to create an estate for administration, the payment of debts, and distribution among next of kin. The end and aim is to provide for a proper burial and funeral when the occasion arrives."
232 Ala. at 81, 166 So. at 781.
The Court concluded in Jordan's, supra, that the contractual obligations ran to the *Page 52 
beneficiary of the policy, and, therefore, that the suit should have been brought in the plaintiff's individual capacity as beneficiary of the policy. See also Couch on Insurance 2d
(Rev.ed. 1983) § 74:327, p. 786.
In the present case, the caption of the complaint reads in part, "SUE DAVIS, Individually and as Administratrix of the estate of Aveline Knight, who sues on her own behalf."
(Emphasis added.) Paragraph one of count one, which raises the claim for breach of contract, alleges again that she "sues in her individual capacity and in her capacity as Administratrix." Paragraph four of count one states that she is the named beneficiary in the policy of insurance at issue. We hold that Davis has sufficiently alleged that she is suing in an individual capacity. The fact that she also sues as administratrix does not prevent her from proceeding with her suit. Since the ultimate goal of pleadings under the Rules of Civil Procedure is to provide fair notice of pleadings, strict rules of form may be disregarded. Weaver v. American NationalBank, 452 So.2d 469 (Ala. 1984). Furthermore, A.R.Civ.P. Rule 17, provides:
 "Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, . . . a party with whom or in whose name a contract has been made for the benefit of another, . . . may sue in his own name without joining with him the party for whose benefit the action is brought."
"To be a proper party plaintiff, a named plaintiff must have, either individually or in a representative capacity, an interest in the right to be protected." Bagley v. City ofMobile, 352 So.2d 1115 (Ala. 1977). Davis, in her individual or representative capacity, has such an interest.
For the error in granting summary judgment on the claim against Southern for breach of contract, we reverse and remand. As to all other claims asserted by Davis against Southern and Howell, we affirm the summary judgment.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.