Eula M. **LEVETT**, Plaintiff,

v.

The **INDEPENDENT LIFE AND ACCIDENT INSURANCE COMPANY** and **Thelma Crawford**, Defendants.

No. CV–92–D–898–E.

United States District Court,
M.D. Alabama, E.D.

March 5, 1993.

**1054**

Robert D. Segall, Jock M. Smith, Montgomery, AL, for plaintiff.

Thomas R. Elliott, Jr., Birmingham, AL, for defendants.

## MEMORANDUM OPINION

DeMENT, District Judge.

This matter is before the court on defendant, Independent Life and Accident Insurance Company's (Independent) motion to reconsider and deny plaintiff's motion to amend the complaint filed January 28, 1993 and plaintiff's motion to remand filed on July 30, 1992. Oral arguments were heard on this motion on January 22, 1993. For the reasons set forth below, the plaintiff's motion to amend and motion to remand are due to be denied and the case is to remain under the jurisdiction of this court.

## FACTS

This action involves a claim by the plaintiff, Eula Levett, the beneficiary of a life

insurance policy on her son Arthur Levett, against Independent and Thelma Crawford for fraud, suppression of material facts, breach of contract and bad faith failure to pay the claim against the insurance policy. The plaintiff has also sued, as a fictitious party, the agent who sold the policy, claiming fraud and suppression of material facts found in Counts I and II of plaintiff's complaint. The plaintiff claims the agent, now identified as Diane Gaylor, made representations to the plaintiff and/or her son that "the benefits thereof were payable, and would be paid, to the beneficiary upon the death of Arthur L. Levett unless the said Arthur L. Levett was intentionally killed by someone or unless he was killed while committing or attempting to commit an assault or a felony." [Plaintiffs complaint page 2.]

The insured Arthur L. Levett was shot and killed by John Varner [Plaintiff's complaint Exhibit B page 2] and Independent denied coverage based on an exclusion in the contact which precludes recovery if the insured was intentionally killed or injured by someone else.[1]

The plaintiff filed a motion to amend her complaint on September 30, 1992, substituting the agent Diane Gaylor for the fictitious party. The plaintiff also moved for this case to be remanded upon substitution of this party since this court would no longer have diversity jurisdiction. The defendants filed a memorandum in opposition to the motion to amend and motion to remand claiming that adding Ms. Gaylor constituted a fraudulent joinder designed to destroy diversity. The court allowed the amendment on January 4, 1993. The court then granted oral arguments on the motion to remand, at which time the defendants filed a motion for reconsideration of the plaintiff's motion to amend.

## FRAUDULENT JOINDER

The defendants contend that the joinder of Diane Gaylor as a party defendant to this action is fraudulent and done for the purpose of defeating jurisdiction of this court.

■ The doctrine of fraudulent joinder is applicable when the plaintiff, a citizen of the state of the forum, joins a resident citizen defendant with a nonresident defendant. The joinder is fraudulent if the plaintiff fails to state a cause of action against the resident defendant and the failure is obvious according to the settled rules of the state. *See Parks v. New York Times Co.*, 308 F.2d 474, 477 (5th Cir.1962).

"There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said that there was no real intention to get a joint judgment and that there was no colorable ground for so claiming." *Parks*, 308 F.2d at 478.

■ The district court must evaluate all factual issues and substantive law in favor of the plaintiff. *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir.1983). If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court. *Coker*, 709 F.2d at 1440 (citing *Parks v. New York Times*, 308 F.2d at 477–78.)

Having stated the applicable law, the Court must now look at the claims made by the plaintiff, Eula Levett, against the resident defendant, Diane Gaylor and determine whether there is any possibility that a state court would entertain an action against the defendant Gaylor for fraud and suppression as alleged in Counts I and II. If there is a possible action in state court, then the case will be remanded; if not the motion to amend will be denied and the case will remain in Federal court.

---

1. The exclusion reads as follows: "The agreement as to benefit under this policy shall be null and void if the Insured's death or injury results, directly or indirectly, from any of the following causes:

1. ... injury inflicted intentionally by another person;
4. Committing or attempting to commit an assault or felony, ..."

## CLAIMS AGAINST DIANE GAYLOR

According to the plaintiff's complaint, Ms. Gaylor is being sued under Count I, which alleges fraudulent misrepresentation at the time the policy was negotiated, and under Count II, which alleges suppression of material facts. For purposes of this motion, the court will only deal with the fraud claims against the defendant, Diane Gaylor.[2]

## COUNT I FRAUDULENT MISREPRESENTATION

The plaintiff alleges that in 1978 the defendant, Diana Gaylor, acting as an agent of Independent, sold a policy or policies of insurance on the life of Author L. Levett with plaintiff Eula Levett as beneficiary.[3] The representations allegedly made at the time the policy was purchased are pleaded as follows: "... defendants represented that the benefits thereof were payable, and would be paid, to the beneficiary upon death of Arthur L. Levett unless the said Arthur L. Levett was intentionally killed by someone or unless he was intentionally killed while committing or attempting to commit an assault or a felony." [Plaintiffs complaint page 2]. In order for the plaintiff to recover here, she must first prove that this statement constitutes an actionable misrepresentation. The court finds it does not.

■ In Alabama, the law of fraud is found in Ala.Code 1975 § 6-5-101, which provides:

Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud. Ala Code § 6-5-101.

In order to fall within this provision, the plaintiff must prove four elements: (1) There must be a false representation; (2) the false representation must concern a material existing fact; (3) the plaintiff must rely upon the false representation; and (4) the plaintiff must be damaged as a proximate result.

It is unclear in this case to whom the fraudulent statements were made. Were they made to the plaintiff Eula Levett or the deceased insured, Arthur Levett? Therefore, the court will look at all possible scenarios to determine if a claim exists.

■ If the representations were made to the insured Arthur Levett and Eula Levett filed the claim as the beneficiary, there can be no recovery for fraud by the plaintiff, Eula Levett.

"The law considers it fundamental that the representee who has relied on the defendant's alleged misrepresentation and the plaintiff who was injured must be one in the same" *Hutchins v. State Farm Mut. Auto. Ins. Co.,* 436 So.2d 819 (Ala.1983); *See also, Country Side Roofing v. Mut. Ben. Life,* 587 So.2d 987 (Ala.1991). Under this requirement, there must be some evidence that the representations were made to Eula Levett. Otherwise, Eula Levett has no cause of action for fraudulent misrepresentation in any form.

■ In addition, a claim based on fraud perpetrated on Arthur Levett does not survive in favor of the personal representative, Eula Levett. Ala.Code 1978 § 6-5-462. *See Country Side Roofing v. Mut. Ben. Life,* 587 So.2d 987 (Ala.1991); *Davis v. Southern United Life,* 494 So.2d 48 (Ala.1986). In other words, if the representations were made to Arthur Levett, the claim for fraud does not survive his death and Eula Levett

2. The court can only consider the fraud claims against the defendant Gaylor. The fraud claims and breach of contract claims against the remaining defendants are not properly before the court at this time, and if not presented on motion for summary judgment will be considered at trial. (Arguably if there is no fraud or suppression on the part of Ms. Gaylor, then there is no fraud or suppression of fact on the part of Independent or Ms. Crawford.)

3. The plaintiff's complaint conveniently does not state who purchased the policy, nor does it state to whom these alleged misrepresentations were made. This is vital information regarding the fraud and suppression claims and is information which was available to the plaintiff at the time the suit was filed. Even so, the court is required to view all evidence and assume all facts in light most favorable to the plaintiff. Therefor the court will examine every possible favorable scenario available to determine if a claim exists.

cannot bring an action based on those representations, even if false.

■ If, however, the representation were made to Eula Levett, the claim still fails because the representations were not false. The representations made by Ms. Gaylor were true facts supported by the language in the policy and consistent with the defendant Independent's reason for denying the claim. Absent a false statement there can be no reliance, justifiable or otherwise, that gives rise to this action.

Therefore, the court finds based on the facts alleged in the complaint and on the language of the policy itself that there is no action stated for fraud against Ms. Gaylor.

## COUNT II SUPPRESSION OF FACTS

■ Plaintiff alleges in Count II that the defendants, prior to the time said policy was purchased, had a duty to disclose that the exclusion in the policy would be construed by the company broadly as to deny coverage. More specifically it is alleged "that intentionally inflicting an injury resulting in death was different than intentionally killing someone under the terms of said insurance policy; and that committing, or attempting to commit, an assault or a felony constituted language the insurance company could construe broadly to deny coverage. [Plaintiffs complaint page 4].

The court finds this claim completely without merit. In Alabama the law of suppression is found in Ala.Code § 6–5–102 which provides:

> "Suppression of a material fact which the party is under obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relationship of the parties or from the particular circumstances of the case."

In this case, the policy states:

> The agreement as to benefits under this policy shall be null and void if the insured's _death_ or _injury_ results, _directly_ or _indirectly_ from any of the following causes:
>
> 1. ... injury inflicted intentionally by another person.

2. _Committing or attempting to commit an assault or felony_ ...

The court finds no ambiguity in the language of the policy. The language clearly sets out what will be covered under this policy and how this exclusion will be construed and interpreted. However, assuming arguendo, that at the time Ms. Gaylor talked with Arthur Levett about the policy she did not state the terms of the coverage in the same detail as the policy itself, the claim still fails for two reasons: 1) As stated above, if the representations were made to Arthur Levett, this action does not survive his death and if Eula Levett is not the party to whom the policy was sold and to whom the representations were made, she can not bring this action for suppression against anyone; and particularly not against Ms. Gaylor. 2) The claim is barred by the statutes of limitation. At the time this action occurred, the statute of limitation for fraud was one year. Ala. Code 1975 § 6–2–39. However, Ala.Code § 6–2–3 allows a tolling of the one year statute until time of discovery of the fraud. Case law has established that fraud is deemed discovered when it was either actually discovered or ought to have been discovered. _Lewis v. East Alabama Funeral Ins. Co. Inc.,_ 472 So.2d 1090 (Ala.Civ.App.1985). It is clear that once Arthur Levett and/or Eula Levett received the policy, which clearly set out the terms of coverage, they were put on actual and constructive notice of what was covered, and what was excluded, under the policy. The day Arthur Levett and/or Eula Levett received the policy, they should have read the policy and discovered the fraud. Upon receipt of the policy, the time for filing a fraud claim began to run, and the claim for fraud should have been brought within that year. _See Lewis,_ 472 So.2d 1090.

Therefore the court finds that the plaintiff, Eula Levett has no cause of action for suppression of material facts against Ms. Gaylor.

In summary, the court finds that the plaintiff has no cause of action against Ms. Gaylor for any representation made to Arthur Levett regarding coverage under this policy because the action 1) does not survive his death; 2) an action by Arthur Levett would be barred by the statutes of limitation; 3)

the court finds no false statement on which to base his claims for fraud; and 4) the court finds no suppression of any material fact regarding coverage under the policy.

The Court further finds that the plaintiff, Eula Levett, has no cause of action under Counts I and II, assuming that the alleged representations were made to her, because 1) her claim is barred by the statutes of limitation; 2) the court finds no false statement on which to base a claim for misrepresentation; and 3) the Court finds no suppression of any material fact regarding coverage under the policy.

The court has evaluated every fact issue and question of law in favor of the plaintiff and finds no possible way that a state court could find that the complaint states a cause of action against the defendant Ms. Gaylor for fraud or suppression of material fact. Therefore, the court finds that the joinder of Ms. Gaylor as a party defendant is improper and fraudulent within the meaning of the law.

A separate order will be entered denying the motion to amend plaintiff's complaint and denying plaintiff's motion to remand.