Robert R. GREENFIELD,
Appellant–Petitioner,

v.

Nancy L. GREENFIELD,
Appellee–Respondent.

No. 49A02–9109–CV–425 [1].

Court of Appeals of Indiana,
First District.

May 28, 1992.

David W. Stone, IV, Anderson, Thomas A. Fara, Michael Cheerva, Phelps & Fara, Indianapolis, for appellant-petitioner.

Maxine T. Bennett, Rucker, Bennett & Kertis, Richard N. Bell, Bruce E. Andis, Cohen & Malad, Indianapolis, for appellee-respondent.

BAKER, Judge.

Petitioner-appellant Robert R. Greenfield (Robert) challenges the trial court's jurisdiction to reinstate his action for dissolution of marriage after he and his wife, Nancy L. Greenfield (Nancy), filed a stipulation of dismissal. Robert also appeals the trial court's order requiring him to pay his wife's attorney's fees and court-appointed accounting firm's fees, and the order requiring him to pay the accounting firm's attorney's fees. Nancy's former attorney, Maxine T. Bennett (Bennett), and the accounting firm, Ent & Imler CPA Group (Ent & Imler), both judgment creditors, respond as appellees.

Robert raises four issues for our review, but because we find the first dispositive, we address it only: whether the trial court

---

1. This case transferred by order of the Chief Judge on 4/3/92.

erred in reinstating Robert and Nancy's dissolution of marriage action after they voluntarily filed a stipulation of dismissal.

## FACTS

Robert filed a petition for dissolution of marriage on March 19, 1990, and Nancy filed a cross-petition on April 9, 1990. By order entered October 12, 1990, the trial court appointed the accounting firm of Ent & Imler to perform an accounting of the Greenfields' business, Best NurSes. The order provided that Best NurSes was to pay for the cost of the accounting, and the payment was to be secured by Best NurSes's assets. On March 22, 1991, Bennett filed an accounting bill for $8,485.00 with the court, and on March 25, 1991, the court approved payment of the bill.

Meanwhile, Nancy evidently failed to pay her legal expenses due Bennett. On May 3, 1991, Bennett filed a motion seeking to withdraw as Nancy's attorney, and the court granted the motion on May 13, 1991. Apparently realizing the expense of dissolution was greater than their marital discord, on May 23, 1991, Robert and Nancy filed a joint stipulation of dismissal of their marriage dissolution petitions. The next day, Bennett filed a notice of an attorney's lien against Nancy. She claimed Nancy owed her $5,796.97 in attorney's fees, and that Bennett found herself personally obligated for the $7,559.44 balance owed to Ent & Imler.

The trial court scheduled a hearing for June 5, 1991, to address payment of attorney's fees and accountant's fees, and Robert responded with a motion to vacate the hearing for lack of jurisdiction. The court denied Robert's motion and by order of June 12, 1991, reinstated the dissolution of marriage action, and structured payment of Nancy's attorney's fees between Robert and Nancy. The court also instructed Robert to pay Ent & Imler's accounting fees, and reduced all orders to judgment. On August 2, 1991, Ent & Imler filed a petition seeking payment of $750.00 for its attorney's fees. The accounting firm claimed that on July 16, 1991, Robert incorporated Best NurSes in bad faith and in an attempt

to defraud his creditors. Ent & Imler alleged that Robert's actions forced it to incur attorney's fees to collect its judgment. On September 10, 1991, the court ordered Robert to pay Ent & Imler's attorney's fees. Robert now appeals.

## DISCUSSION AND DECISION

### Reinstatement of Petition for Dissolution of Marriage

Robert argues the trial court erred when, against the Greenfields' wishes, it reinstated the Greenfields' action for dissolution of marriage. The Greenfields voluntarily dismissed their petitions for dissolution under Ind. Trial Rule 41(A)(1)(b), which provides, in relevant part:

(A) **Voluntary dismissal: Effect thereof.**

(1) By plaintiff—By stipulation. Subject to contrary provisions of these rules or of any statute, an action may be dismissed by the plaintiff without order of court:

. . . .

(b) By filing a stipulation of dismissal signed by all parties who have appeared in the action.

The trial court then based its reinstatement of the Greenfields' dissolution petitions on Ind. Trial Rule 41(F), which provides:

(F) **Reinstatement of Dismissal.** For good cause shown and within a reasonable time the court may set aside a dismissal without prejudice. A dismissal with prejudice may be set aside by the court for the ground in accordance with the provisions of rule 60(B).

██ The Greenfields' stipulation of dismissal stated that Robert and Nancy had an opportunity to consult with counsel to "determine and evaluate ... the effect which the dismissal of this action may have on their legal entitlements and future legal rights in the event the reconciliation is not successful and a subsequent dissolution is filed." *Record* at 158–59. T.R. 41(A)(1) specifically provides: "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice."

Because the Greenfields did not explicitly state their stipulation of dismissal was with prejudice, we are compelled to conclude the dismissal was without prejudice.

■ When a stipulation of dismissal is without prejudice, T.R. 41(F) permits a court to set aside the dismissal "[f]or good cause shown and within a reasonable time...." *See Waitt v. Waitt* (1981), Ind. App., 429 N.E.2d 6, 7. Under this rule, one of the parties must demonstrate "good cause" for setting aside a dismissal without prejudice. Because the trial court, Bennett, and Ent & Imler were not parties, T.R. 41(F) did not grant the trial court the authority to reinstate the dismissal without prejudice.

■ Even if we were to determine the Greenfields' stipulation of dismissal was with prejudice, inasmuch as the stipulation contemplated the filing of a subsequent petition, T.R. 41(F) authorizes the court to set aside the dismissal only in accordance with Ind. Trial Rule 60(B).[2] *See Waitt, supra,* at 7 (because dismissal was without prejudice, trial court could set aside dismissal under T.R. 41(F) without resort to T.R. 60(B)). In this case, none of the reasons for reinstating an action brought to final judgment identified in T.R. 60(B) applies, and neither Bennett nor Ent & Imler argues any of the reasons apply.

In addition, T.R. 60(B) permits the court "[o]n motion and upon such terms as are just ... [to] relieve a party...." T.R. 60(B). Here, the court reinstated the action to relieve the attorneys and accountants, not to relieve the Greenfields. Neither Bennett nor Ent & Imler was a party to the Greenfields' action for dissolution of marriage, and neither became a party by filing a notice seeking payment of her or its fees. Ind. Trial Rule 17(A); *Estate of Ryan v. Great–West Life Assur. Co.* (1987), Ind.App., 517 N.E.2d 109, 110. Accordingly, neither T.R. 41(F) nor T.R. 60(B) gave the trial court authority to reinstate the Greenfields' petitions for dissolution of marriage after the Greenfields filed a stipulation of dismissal.[3]

*Attorney's Fees and Accountant's Fees*

■ Because the trial court erred when it reinstated the Greenfields' petitions for dissolution, the court had no jurisdiction to order payment of attorney's fees and accountant's fees.[4] *See Burnett v. Camden*

2. T.R. 60(B) provides, in relevant part:
   On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:
   (1) Mistake, surprise, or excusable neglect;
   (2) Any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;
   (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
   (4) Entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowlege [knowledge] of the action and judgment, order or proceedings;
   (5) Except in the case of a divorce decree, the record fails to show that such party was represented by a guardian or other representative...;
   (6) The judgment is void;
   (7) The judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or;
   (8) Any reason justifying relief from the operation of the judgment, other than those reasons set forth in subparagraphs (1), (2), (3), and (4).

3. Notwithstanding our determination that the stipulation was without prejudice, resolution of this question has no effect on the Greenfields' ability to bring a subsequent dissolution action. Regardless of whether the dismissal was with or without prejudice, either party may file a new dissolution petition at anytime in the future under one of the grounds for dissolution of marriage existing at that time as set forth in IND.CODE 31–1–11.5–3(a).

4. We note that the day after the Greenfields filed their stipulation of dismissal, Bennett filed a notice of filing a statutory attorney's lien under IND.CODE 33–1–3–1. IND.CODE 33–1–3–1 provides, in relevant part:
   Any attorney practicing his profession in any court of record in this state, shall be entitled to hold a lien, for his fees, on any judgment rendered in favor of any person or persons employing such attorney to obtain the same: Provided, That such attorney, within sixty (60)

(1970), 253 Ind. 354, 357–58, 254 N.E.2d 199, 201, *cert. denied,* 399 U.S. 901, 90 S.Ct. 2202, 26 L.Ed.2d 556 (law is well-settled that once suit is voluntarily dismissed, it is as though suit was never filed); *cf. Largen v. Largen* (1989), Ind. App., 535 N.E.2d 576, 579 (when original petition was never dismissed, court never lost jurisdiction over action). The judgment of the trial court reinstating the Greenfields' petitions for dissolution is reversed, and the orders awarding attorney's fees and accountant's fees are vacated.[5]

### Accountants' Attorney's Fees

■ We also address Robert's argument that the trial court erred when it awarded Ent & Imler its attorney's fees incurred to collect payment of its accounting fees. Ent & Imler contended that Robert acted in bad faith and with the intent to defraud his creditors by hiding his assets when he incorporated Best NurSes. Apparently agreeing, the trial court ordered Robert to pay Ent & Imler's attorney's fees of $750.00.

Indiana follows the general rule that each party involved in litigation must pay his own attorney's fees. Thus, attorney's fees may be awarded only when they are authorized by statute or the parties have agreed or stipulated to such an award. *Indiana & Michigan Electric Co. v. Terre Haute Industries, Inc.* (1987), Ind.App., 507 N.E.2d 588, 603, *trans. denied.* Here, the trial court awarded Ent & Imler its attorney's fees under IND.CODE 34–1–32–1. IND.CODE 34–1–32–1 provides, in relevant part:

(b) In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if it finds that either party:

(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;

(2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless;

(3) litigated the action in bad faith.

Because Ent & Imler was not a party to the Greenfields' dissolution action, it was improper to award its attorney's fees under IND.CODE 34–1–32–1. Even if Ent & Imler had been a party, however, it was not a prevailing party under IND.CODE 34–1–32–1. Because the trial court erred when it reinstated this action, the court had no authority to order Robert to pay Ent & Imler's accounting fees. As discussed above, the order is vacated, and Ent & Imler is not a prevailing party entitled to recover its attorney's fees.

## CONCLUSION

The judgment of the trial court reinstating the Greenfields' petitions for dissolution of marriage is reversed. The order awarding attorney's fees and accountant's fees is vacated, and the order awarding Ent & Imler its attorney's fees is vacated. This action is remanded with instructions to reinstate the Greenfields' joint stipulated dismissal.

SULLIVAN and SHARPNACK, JJ., concur.

---

days from the time such judgment shall have been rendered, enter in writing upon the docket or record wherein the judgment is recorded, his intention to hold a lien thereon, together with the amount of his claim[.]

Because Bennett filed her notice before any judgment was rendered against Nancy, there

was no judgment to which Bennett's lien attached.

**5.** Nothing in this opinion precludes Bennett or Ent & Imler from pursuing their own actions against Robert and Nancy to recover their fees.