STATE of Indiana on the Relation of the
CITY OF NEW HAVEN, Relator,

v.

The ALLEN SUPERIOR COURT and
the Honorable Robert Schmoll,
Referee, Respondent.

No. 02S00–9801–OR–21.

Supreme Court of Indiana.

Oct. 2, 1998.

Alan VerPlanck, James P. Fenton, Fort Wayne, for Relator.

Jeffrey A. Modisett, Attorney General, Geoff Davis, Deputy Attorney General, Indianapolis, for Respondent.

SHEPARD, Chief Justice.

Relator, the City of New Haven, Indiana, sought to invoke original jurisdiction for a writ of mandate. The writ would compel the respondent Allen Superior Court and its referee Robert Schmoll to dismiss a number of complaints for traffic or other infractions which the court scheduled for hearing. We denied the City's petition and now record the basis for that denial.

This matter is before us on the City's request for relief in one traffic infraction case, *City of New Haven v. Charles Schindler*, Cause No. 02D04–9710–OV–3672. For purposes of clarity, we set forth the events which gave rise to these proceedings.

An officer of the New Haven Police Department issued a traffic violation ticket to Charles Schindler on October 19, 1997. The ticket cited Schindler for speeding and instructed him to appear in Allen Superior Court on November, 14, 1997, at 9 a.m.

On October 24, 1997, the court assigned a cause number to the case. Thereafter, the City and Schindler apparently reached an agreement for dismissal. On November 10, 1997, Schindler and an attorney for the City filed a joint motion to dismiss the action.

The City says that it often resolves traffic or other infraction complaints by entering into a "Stipulation for Dismissal" like the agreement reached with Schindler in this case. (Relator's Br. at 1.) The settlement agreements accompanying the stipulations for dismissal often require payment by the defendant to the City of New Haven or a commitment by the defendant either to engage in or refrain from some activity for a period of time. (*Id.*)

On November 12, 1997, the trial court issued Schindler a Notice to Appear, effectively denying the parties' joint motion to dismiss. The City filed an objection with the court and moved to dismiss the actions. The motion claimed that the court was exceeding its jurisdiction by setting this and other similar cases for hearings despite the stipulations for dismissal agreed upon by the parties.

The trial court held a hearing on these matters on January 21, 1998. At the hearing, the court informed Schindler and other defendants that the City had been running a deferral program that did not comply with the governing statute. The court told the defendants it would not honor the stipulations for dismissal, at least until it could "get this matter sorted out." (Respondent's Ex. 2 at 2–3.) Finally, the City petitioned this Court for a writ of mandate and prohibition under Original Action Rule 2 to compel the trial court to dismiss these cases. We denied the petition via order on March 6, 1998.

### Standards for Writs of Mandate

Petitions for writs of mandate and prohibition are governed by the Indiana Rules of Procedure for Original Actions. This Court has the power, by writ of mandate and prohibition, to confine a lower court within its lawful jurisdiction,[1] but Original Action Rule 2(E) expressly warns would-be relators that "[o]riginal actions are viewed

---

1. "Article VII, section 4 of the Indiana Constitution, however, authorizes this Court to supervise the jurisdiction of the state's other courts, and we will entertain original actions to resolve jurisdictional conflicts." *State ex rel. Meade v. Marshall Superior Ct. II*, 644 N.E.2d 87, 88 (Ind. 1994) (citations omitted). "Prohibition is an extraordinary remedy. It will issue only upon a showing that the respondent court is attempting to act or is acting without jurisdiction." *State ex rel. Wonderly v. Allen Circuit Ct.*, 274 Ind. 572, 574, 412 N.E.2d 1209, 1211 (1980) (citations omitted). "[A] writ of prohibition lies only to confine a trial court to its lawful jurisdiction." *State ex rel. Marcrum v. Marion County Superior Ct.*, 273 Ind. 222, 230, 403 N.E.2d 806, 811 (1980) (citation omitted). "Prohibition is an extraordinary remedy and will not issue unless the respondent court is attempting to act outside its jurisdiction." *State ex rel. Townsend v. Tipton Circuit Ct.*, 242 Ind. 226, 231, 177 N.E.2d 590, 593 (1961) (citation omitted).

with disfavor and may not be used as substitutes for appeals." Because they are extraordinary remedies, such writs will not be issued unless the relator can show a clear and obvious emergency where the failure of this Court to act will result in substantial injustice. *State ex rel. Kiritsis v. Marion Probate Ct.*, 269 Ind. 550, 381 N.E.2d 1245 (1978). Writs of prohibition and mandate will be issued only where the trial court has an absolute duty to act or refrain from acting. *State ex rel. Pickard v. Superior Ct. of Marion County*, 447 N.E.2d 584 (Ind.1983).

### "Like Any Other Civil Case"or Unauthorized Deferral Program?

 The City initially cites *Pridemore v. State*, 577 N.E.2d 237, 238 (Ind.Ct.App.1991), for the proposition that:

> Traffic infractions are civil, as opposed to criminal, proceedings in nature. Infraction proceedings are to be conducted in accordance with the Indiana Rules of Trial Procedure, the state must prove the commission of the infraction by only a preponderance of the evidence, and punishment for its commission is only a fine. There can be no imprisonment.

"In short," the City argues, "an infraction case is like any other civil case." (Relator's Br. at 2.) This leads the City to cite Indiana Trial Rule 41(A)(1), which reads in pertinent part:

> (1) *By plaintiff—By stipulation.* Subject to contrary provisions of these rules or of any statute, an action may be dismissed by the plaintiff without order of court:
>
> . . . .
>
> (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Because these are civil cases, says counsel, and because Trial Rule 41(A)(1) allows for voluntary dismissal of civil cases by stipulation without order of the court, "the Respondent Court is without jurisdiction to do anything other than dismiss since stipulations have been duly filed." (Relator's Br. at 2.) The City asserts that Rule 41 "leave[s] no room for interpretation." (*Id.*)

Appearing for the trial court, the Attorney General argues in response that the City was running an unauthorized deferral program in violation of Indiana Code § 34–4–32–1(f).[2] (Respondent's Br. at 3–5.) This statute allows prosecuting attorneys and municipal corporations to institute a deferral program in which the prosecutor and defendant agree to certain conditions of dismissal, the defendant agrees to pay the court clerk an initial user's fee and a monthly user's fee, the terms of the agreement are recorded in an instrument signed by the parties and filed with the court, and the defendant pays court costs to the court clerk if the case involves a moving traffic offense. Ind.Code Ann. § 34–4–32–1(f)(1)–(5) (West Supp.1997). We think the Attorney General correctly characterizes the City's actions as an attempt to run "an 'informal' deferral program." (Respondent's Br. at 5.) The State Board of Accounts has reached a similar conclusion.[3] The disposition of this case does not require us to give the City's actions any specific moniker.[4]

 The City argues that it, "like any other litigant, is at liberty to dismiss litigation which it has instituted." (Relator's Br. at 2.) While the City stresses latter portions of Rule 41, the opening clause of the Rule makes it clear that there is no absolute right to dismiss: "Subject to contrary provisions of these rules or of any statute. . . ." As the

---

2. The City implicitly denies having run a deferral program at all: "In each of the subject cases, dismissal was effective immediately upon filing of the Stipulation; dismissal was not to be deferred until some future time or event." (Relator's Br. at 2.)

3. "The City Attorney collected deferral program fees instead of the clerk of the court." (Audit Report of the City of New Haven, Respondent's Ex. 1 at 4.)

4. If we consider the City's program to be an informal deferral program as the trial court suggests, then the City failed to comply with the statute's requirements for deferral programs. If we consider the City's program to be something other than a deferral program as the City suggests, then the statute neither authorizes the City to collect payments directly nor requires a continuing obligation from the defendants, one or both of which is often a condition of dismissal under the City's scheme. (Relator's Br. at 1.) In either event, the City simply must comply with the statute.

trial court correctly points out, our legislature has set forth statutory guidelines for dealing with traffic infraction complaints in Indiana Code § 34–2–32–1. Because Rule 41 explicitly recognizes contrary statutes, we look to section 34–4–32–1 for the rules that prosecuting attorneys and cities like New Haven must follow when disposing of traffic infraction complaints.[5] Whether or not the City actively tried to run an informal deferral program, we find that the program it did establish did not comply with the governing statute.

The trial court noted that the City's program for dealing with traffic complaints violated the deferral program requirements in at least three ways. First, the City acknowledges that "[t]he Settlement Agreement[s] accompanying such dismissals often require[ ] payment by the Defendant to the City of New Haven or a commitment by the Defendant to engage in, or not to engage in, described activity in the future." (Relator's Br. at 1.) Section 34–4–32–1 does not contemplate a payment made directly to the City, but does call for payment to the clerk of the court if the City opts to institute a deferral program. Thus, if the City were running a deferral program, it could require payments to the clerk of the court. Ind.Code Ann. § 34–4–32–1(f)(2), (4) (West Supp.1997). We find no authority for the City to require payments conditional to dismissal apart from those made to the court clerk.

Second, the trial court points out that the joint motion to dismiss asked that the court dismiss the action without prejudice. (Respondent's Br. at 5; R. at 7.) The statute contemplates that conditional agreements or stipulations of dismissal such as those reached between the City and the defendant in this case, requiring as they do payment and/or a commitment to engage in or not to engage in some prescribed activity, will ultimately be dismissed with prejudice.[6] We find merit in the trial court's contention that

the dismissal arrangements in cases like Schindler's create a risk that the action may be refiled, and thus "[t]hey risk consuming more of the court's resources in the future and do so without compensating the [c]ourt for the costs of the proceedings." (Respondent's Br. at 5.)

Third, the trial court also correctly points out that the statute requires agreements such as these to be filed with the court. The agreement in this case was apparently not filed.

 Of course, the City may dismiss traffic infraction cases outright under the statute and the trial rules. Ind.Code Ann. § 34–4–32–1(c)(1) (West Supp.1997); T.R. 41(A)(1)(b). If the City elects to prosecute these cases, it may also do that under the statute and according to the trial rules. If the City wishes to impose conditions precedent to dismissal, however, it must abide by the requirements of Indiana Code § 34–4–32–1(f). Here, the City attempted to require payment and/or continuing obligations as conditions of dismissal, but failed to meet several of the statute's other obligations.

### Conclusion

The City, like any other relator seeking a writ of mandate and prohibition, faces a high hurdle, one that it cannot meet here. The court was clearly correct not to honor the stipulations of dismissal and not to dismiss the cases.

For these reasons, the petition for a writ of mandate and prohibition was denied.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.

---

5. In support of its position that it is entitled to dismiss a civil action without order of the court, the City cites *Greenfield v. Greenfield,* 591 N.E.2d 1057 (Ind.Ct.App.1992). According to the City, *Greenfield* stands for the proposition that, "The [c]ourt is not a party to a civil action and only parties may move to set aside a stipulation of dismissal." (Relator's Br. at 3.) Unlike *Greenfield,* however, the situation in the case at bar

was "[s]ubject to contrary provisions" of another statute. *See* T.R. 41. A court may properly require the parties to comply with other applicable statutes before allowing voluntary dismissal.

6. "An action dismissed under this subsection may not be refiled." Ind.Code Ann. § 34–4–32–1(f) (West Supp.1997).