**In the Matter of the Honorable Walter P. CHAPALA, Senior Judge.**

No. 46S00–0810–JD–580.

Supreme Court of Indiana.

March 6, 2009.

*PUBLISHED ORDER DISMISSING MATTER WITHOUT PREJUDICE*

On October 29, 2008, the Indiana Commission on Judicial Qualifications filed a "Notice of the Institution of Formal Proceedings and Statement of Charges" (the "Charges") against the Respondent, Walter P. Chapala. The matter is presently pending before this Court, with a hearing scheduled to commence on March 12, 2009. For the reasons stated below, the Court elects to dismiss this matter as moot.

The Charges stem from the judge's conduct in two separate cases. In the first allegation, the Commission charged that Judge Chapala, when he was the elected judge, suspended a significant portion of a man's prison term in the Department of Corrections in exchange for the man's father's $100,000.00 contribution to two court programs. In the second allegation, the Commission charges that Judge Chapala, also while an elected judge, instituted contempt proceedings against the Sheriff of LaPorte County for having lawfully turned Chapala's daughter-in-law's nephew over to Michigan authorities, then continued to preside over the nephew's Indiana case.

Respondent, after the time the alleged misconduct occurred and before the Charges were filed, resigned as an elected judge and was certified to serve as a Senior Judge pursuant to Indiana Code chapter 33–27–4. He was serving as a Senior Judge when the Charges were filed. At all relevant times, he was an active Indiana attorney in good standing. However, Respondent is no longer certified to serve as a Senior Judge in that capacity. *See* Ind. Code § 33–27–4–2; Ind. Administrative Rule 5(B)(3). Further, on February 25, 2009, Respondent submitted an affidavit of retirement from the practice of law pursuant to Indiana Admission and Discipline Rule 2(d) and is now no longer an active member of the Indiana bar.

The allegations of misconduct here are most serious. But the effect of the most likely sanctions that this Court would impose if it were to find judge Chapala guilty has already been achieved with his resig-

nation from the bench, the termination of his service as a Senior Judge, and his retirement from the bar. *See* Ind. Admission and Discipline Rule 25(IV). We therefore find that the matter is effectively moot and the continued litigation of this matter an inefficient use of limited judicial resources.

Accordingly, this matter is hereby DISMISSED AS MOOT without prejudice to the Commission re-filing the Charges should Judge Chapala seek reinstatement as a member of the Indiana bar or admission to the bar of any other jurisdiction.

The Clerk is directed to send copies of this order to the three appointed masters; to the Hon. Walter P. Chapala and Respondent's counsel; to the Supreme Court Administrator; and to Meg Babcock and Adrienne Meiring, Counsel for the Commission on Judicial Qualifications. The Clerk is also directed to post this order to the Court's website, and Thomson/West is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.