ATTORNEY FOR THE RELATORS
R. Cordell Funk
Crown Point, IN

ATTORNEYS FOR THE STATE OF INDIANA
Gregory F. Zoeller
Attorney General of Indiana

Stephen R. Creason
Chief Counsel

Thomas M. Fisher
Solicitor General

Kyle Hunter
Deputy Attorney General
Indianapolis, IN

ATTORNEYS FOR THE LAKE SUPERIOR COURT
RESPONDENTS
Karl L. Mulvaney
Nana Quay-Smith
Briana L. Clark
Indianapolis, IN

ATTORNEY FOR THE LAKE CIRCUIT COURT
RESPONDENTS
Bruce A. Kotzan
Indianapolis, IN

FILED
May 17 2013, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court



No. 45S00-1303-OR-209

STATE OF INDIANA *EX REL.* GLENN D. COMMONS, *ET AL.*,

*Relators,*

v.

THE HON. JOHN R. PERA, AS CHIEF JUDGE OF THE LAKE SUPERIOR COURT, *ET AL.*,

*Respondents.*

Original Action

**May 17, 2013**

**Per Curiam.**

This Court has exclusive, original jurisdiction to supervise the exercise of jurisdiction of lower state courts. *See* Ind. Const. art. 7, § 4; Ind. Original Action Rule 1. Relators have filed this proceeding under the Indiana Original Action Rules, seeking a writ of mandamus and

prohibition regarding the filling of the vacancy on the bench of the Lake Superior Court's Juvenile Division. For reasons explained below, we grant in part and deny in part the relief sought by Relators.

## **Background**

Relators Glenn D. Commons, Jeffrey Miller, and Charlotte Ann Peller are magistrates in the Lake Superior Court, Juvenile Division. This opinion refers to them collectively as "the Magistrates." Respondents are the Lake Circuit Court, the Lake Superior Court, and the Judges thereof. *See* Orig. Act. R. 1(C). Respondents are referred to collectively here as "the Judges."

There is no underlying case from which this original action arises, but the relevant facts are undisputed. The Magistrates complain about a decision made by the Judges at their meeting on February 12, 2013. At that meeting, a majority voted to allow Judge Nicholas J. Schiralli to be reassigned from the Lake Superior Court's County Division to its Juvenile Division, upon the then-upcoming resignation of Judge Mary Beth Bonaventura, who had been presiding over the Superior Court's Juvenile Division. (Relators' Record at 1-5.) The Magistrates characterize the decision made by this vote as an *en banc* ruling or order sufficient to authorize them to seek relief through an original action in the Supreme Court.[1]

The Magistrates filed this original action on March 20, 2013, seeking both an emergency writ and a permanent writ of mandamus and prohibition. On March 21, this Court issued an emergency writ, which (1) stayed any proceedings by the Judges concerning the transfer of Judge Schiralli to the Juvenile Division; (2) announced that this Court would appoint a judge *pro tempore* to preside in the Juvenile Division until this Court could rule upon the request for a permanent writ[2]; and (3) gave the Judges until April 8 to file a brief opposing issuance of the permanent writ.[3]

---

[1] Despite the procedural irregularity of this original action, the Judges agree with the Magistrates that this Court should "exercise its original jurisdiction and resolve the issues presented." (Br. in Opp. at 1 n.1.)

[2] On March 22, this Court appointed Senior Judge Thomas W. Webber, Sr., to serve as judge *pro tempore* in the Juvenile Division, effective March 25.

On April 5, the Lake Superior Court and its Judges filed a brief opposing issuance of the permanent writ, and the Lake Circuit Court and its Judge soon joined in that brief. With leave of this Court, the Magistrates filed a reply brief on April 16, the Indiana Attorney General (representing the State) filed a brief on April 18, and the Judges filed a reply brief on April 23.

**Discussion**

The writ of mandamus is an extraordinary remedy, equitable in nature and viewed with disfavor. State ex rel. Woodford v. Marion Super. Ct., 655 N.E.2d 63, 65 (Ind. 1995). Writs of mandamus and prohibition will not be issued unless the relator can show a clear and obvious emergency where the failure of this Court to act will result in substantial injustice. State ex rel. City of New Haven v. Allen Super. Ct., 699 N.E.2d 1134, 1136 (Ind. 1998). Writs of mandamus and prohibition will be issued only where the trial court has an absolute duty to act or refrain from acting. Id.

The Magistrates request a permanent writ of mandamus and prohibition (1) declaring that Judge Schiralli cannot be reassigned from the County Division to the Juvenile Division; and (2) ruling that no current Judge of the Superior Court is eligible for transfer to the Juvenile Division and that the only way the judgeship of the Juvenile Division can be filled is by using the statutory merit-selection process.

**I.**

The Magistrates' primary argument is that a transfer of Judge Schiralli to the Juvenile Division would violate Indiana Code section 33-33-45-21(e), which applies only to the Lake Superior Court. The statute provides, in its entirety,

---

[3] On April 1, this Court issued an order requiring mediation and appointing the Hon. Frank Sullivan, Jr. (Ret.) as mediator. The mediator filed a report on May 7, stating that mediation was held and the issues between the Magistrates and the Judges were not settled. The Court expresses its gratitude for the mediator's service.

(a) The [Lake Superior] court is divided into civil (including probate), criminal, county, and juvenile divisions. The work of the court shall be divided among the divisions by the rules of the court.

(b) Seven (7) judges comprise the civil division. Four (4) judges comprise the criminal division. Four (4) judges comprise the county division. One (1) judge comprises the juvenile division.[4] However, the court by rule may alter the number of judges assigned to a division of the court if the court determines that the change is necessary for the efficient operation of the court.

(c) The court by rule may reassign a judge of the court from one (1) division to another if the court determines that the change is necessary for the efficient operation of the court. The court by rule may establish a rotation schedule providing for the rotation of judges through the various divisions. The rotation schedule may be used if the court determines that an emergency exists. However, a senior judge of any division may not be reassigned or rotated to another division under this subsection.

(d) The chief judge of the court may assign a judge in one (1) division of the court to hear a case originating in another division of the court, and may reassign cases from one (1) judge to another, if the chief judge determines that the change is necessary for the efficient operation of the court.

(e) *A judge of a division of the court who has not been appointed to the court under section 38 of this chapter is not eligible to be reassigned, rotated, or transferred to the other divisions of the court. However, a judge of a division of the court who has not been appointed to the court under section 38 of this chapter may apply to fill a vacancy in another division of the court through appointment as provided under this chapter.*

Ind. Code § 33-33-45-21 (emphasis added). The italicized language in subsection 21(e) was added to the statute two years ago in Public Law 201-2011, effective July 1, 2011. Section 38, in turn, provides, "A vacancy occurring on the court shall be filled by appointment of the governor from a list of three (3) nominees presented to the governor by the judicial nominating commission." I.C. § 33-33-45-38(a).

The Magistrates argue that because Judge Schiralli was not appointed to the Lake Superior Court under the merit-selection process described in section 38, Indiana Code section 33-33-45-21(e) prohibits his transfer from the County Division to the Juvenile Division. The Judges contend that Judge Schiralli was elected in 1976 to a four-year term on the County Court of Lake County and was later elected to the Lake Superior Court, once the County Division became part

---

[4] "The superior court of Lake County consists of sixteen (16) judges plus the Lake circuit court judge if the circuit court judge chooses to sit on the superior court of Lake County." I.C. § 33-33-45-26.

of the Lake Superior Court. (*See* Br. in Opp. at 4, 16-18.) In other words, the Judges implicitly acknowledge that he was not appointed through the merit-selection process.

The Judges respond that the prohibition on transfer in Indiana Code section 33-33-45-21(e) cannot be enforced because it conflicts with the Lake County courts' "transfer rule." The genesis of this transfer rule is an "Administrative Order Adopting A Plan For The Allocation Of Judicial Resources For Calendar Year 2000," adopted by the Lake Circuit and Superior Courts in December 1999, which reads, in part:

> IT IS, THEREFORE, ORDERED, AND DECREED….
>
> 9. <u>Selection of Judge to Transfer Court</u>. In the event a new court is created or a court is vacated in the Superior Court, a sitting judge of the Superior Court may elect to serve in the new or vacated court. Should more than one judge wish to serve in a court under this provision, the judge with the most seniority shall prevail. In the event two or more judges with equal seniority wish to serve in a court, the decision will be made by lot.

(Relators' Record at 14, 17.) On January 6, 2000, this Court issued an "Order Approving District Caseload Plan," which found that the plan submitted by the Lake County courts should be adopted and approved it. (<u>Id.</u> at 6-7.)

On several subsequent occasions, the Lake County courts requested that this Court approve amendments to their caseload allocation plan that did not affect the transfer rule, and this Court approved those amendments. In fact, since the transfer rule's inclusion in the 2000 caseload allocation plan order, the Lake Superior Court has continued to recognize, recite, and apply the transfer rule, including when certain merit-selected judges were transferred to different courtrooms within the Civil Division in 2007 and 2012 when a vacancy arose. (*See* Reply to the Briefs of the Attorney General and the Relators, Exhibits A & B.) It is this transfer rule that the Judges cited when voting in February 2013 to approve Judge Schiralli's transfer from the County Division to the Juvenile Division. (Relators' Record at 1-5.)

5

The Judges acknowledge Indiana Code section 33-33-45-21(e)'s prohibition on transfer and reassignment of a non-eligible judge, but they contend the prohibition cannot be enforced because it conflicts with the local transfer rule. The Judges cite Indiana Code section 34-8-1-3, which provides:

> The supreme court has authority to adopt, amend, and rescind rules of court that govern and control practice and procedure in all the courts of Indiana. These rules must be promulgated and take effect under the rules adopted by the supreme court, and thereafter *all laws in conflict with the supreme court's rules have no further force or effect.*

(Emphasis added.) From this, the Judges concluded that "even the legislature has recognized that this Court's approval of the Lake County Superior Court Transfer Rule must therefore be given effect to the extent that the addition of Section (e) of I.C. § 33-33-45-21(e) is found to conflict with the Transfer Rule." (Br. in Opp. at 21-22.)

The primacy of this Court's rules of practice and procedure, recognized in Indiana Code section 34-8-1-3 ("thereafter all laws in conflict with the supreme court's rules have no further force or effect") does not apply to the transfer rule because the transfer rule is not a rule of this Court. The Lake County courts adopted the transfer rule as part of their "Administrative Order Adopting A Plan For The Allocation Of Judicial Resources For Calendar Year 2000," in response to an order issued by this Court on July 16, 1999, requiring the development of local caseload plans; this Court reviewed and approved that plan, noting the Court intended to require periodic revision of the local plan. (Relators' Record at 6.) But our *order* approving the Lake County courts' plan was not a *rule* of this Court governing practice and procedure "promulgated and tak[ing] effect under the rules adopted by the supreme court," and, so, the transfer rule is not a rule of this Court as contemplated in Indiana Code section 34-8-1-3.[5] Moreover, while trial courts may establish local rules for their own governance, those local rules may not conflict with the rules established by this Court or by statute. Gill v. Evansville Sheet Metal Works, Inc., 970

---

[5] *Cf.* State v. Holtsclaw, 977 N.E.2d 348, 350 (Ind. 2012) (citing I.C. § 34-8-1-3 and holding that where there was a conflict between I.C. § 35-38-4-2 and Indiana Appellate Rule 9 (a rule promulgated by this Court under the rule-making procedure set out in Trial Rule 80) regarding the amount of time the State has to initiate an appeal in a criminal case, "the former must give way to the latter.").

N.E.2d 633, 645-46 (Ind. 2012) (citing I.C. § 34-8-1-4). Consequently, we disagree with the Judges' assertion that the local transfer rule trumps, by operation of Indiana Code section 34-8-1-3, the prohibition on transfer of a non-eligible judge in Indiana Code section 33-33-45-21(e).

To the extent the Judges suggest Indiana Code section 33-33-45-21(e) is unconstitutional, again we disagree. A statute is presumed constitutional; a party challenging its constitutionality must rebut that presumption. McManus v. State, 814 N.E.2d 253, 255 (Ind. 2004). The presumption of constitutionality has not been overcome.

The Indiana Constitution divides the functions of the government into three departments (the Legislative, the Executive, and the Judicial) and provides that "no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided." Ind. Const. art. 3, § 1. Generally, this provision recognizes "that each branch of the government has specific duties and powers that may not be usurped or infringed upon by the other branches of government." State v. Monfort, 723 N.E.2d 407, 411 (Ind. 2000).

The Indiana Constitution gives the Legislature the power to create superior courts. Monford, 723 N.E.2d at 410; see Ind. Const. art. 7, § 1 ("The judicial power of the State shall be vested in one Supreme Court, one Court of Appeals, Circuit Courts, and such other courts as the General Assembly may establish."). The Judges identify no authority precluding the Legislature from also providing a method for selection of the judges for the courts it creates. See In re Public Law No. 305 and Public Law No. 309 of Indiana Acts of 1975, 263 Ind. 506, 334 N.E.2d 659, 671-72 (1975) (holding that new legislation providing for non-partisan elections as the method for filling future vacancies that would occur in three new judgeship positions created for the Vanderburgh Superior Court was "a decision of the legislature which is within their power to make."). Moreover, the prohibition on transfer in Indiana Code section 33-33-45-21(e) is not unique; it is only one example of legislative limitation on a superior court's transfer of judges from one division to another division. See, e.g., I.C. § 33-33-2-39(a) (providing that in Allen

7

Superior Court, a judge may transfer divisions but only once); I.C. § 33-33-45-21(c) (providing that in Lake Superior Court, "a senior judge of any division may not be reassigned or rotated to another division under this subsection.").

All of this leads us to conclude that Indiana Code section 33-33-45-21(e) is constitutional, applies here, and precludes the Judges from transferring, rotating, or reassigning Judge Schiralli from the County Division to the Juvenile Division. This prohibition, however, does not preclude Judge Schiralli from applying to be appointed, under the merit-selection process in Indiana Code section 33-33-45-38, to fill a vacancy in the other divisions of the court. *See* I.C. § 33-33-45-21(e).

## II.

Although we grant part of the relief the Magistrates seek, we decline the Magistrates' broader argument that no Judge may be reassigned to the Juvenile Division because "there is no legal basis to permit the transfer of *any* Judge in the Superior Court of Lake County from one division to another." (Relators' Br. at 12 (emphasis added).)

The Lake Superior Court "may make and adopt rules and regulations for conducting the business of the court…." I.C. § 33-33-45-8(a). And it "by rule may reassign a judge of the court from one (1) division to another if the court determines that the change is necessary for the efficient operation of the court." I.C. § 33-33-45-21(c).

The Magistrates contend the Superior Court has no rule in effect allowing for such a transfer. Although the Magistrates and the Attorney General argue that the Superior Court's transfer rule expired or was superseded, those arguments are unavailing. The record shows that the Judges adopted the transfer rule as part of a case management plan for the efficient operation of the Superior Court more than a decade ago, received Supreme Court approval of that plan, and have continually relied on their transfer rule since then. For purposes of this original action, we conclude that the Lake Superior Court follows a rule — the transfer rule — for efficiently operat-

8

ing and conducting its business.  Therefore, we deny the Magistrates' request for a permanent writ that would declare that no Judge may be transferred or reassigned to the Juvenile Division.

## Conclusion

Indiana Code section 33-33-45-21(e) prevents the Judges from reassigning, transferring, or rotating Judge Schiralli from the County Division to the Juvenile Division.  However, this prohibition does not preclude him from applying to be appointed, under the merit-selection process in Indiana Code section 33-33-45-38, to fill a vacancy in the other divisions of the court. The Court denies the Magistrates' request for a permanent writ that would more broadly prohibit *any* current Judge from being transferred or reassigned to the Juvenile Division.

This opinion is final.  No petitions for rehearing or motions to reconsider shall be filed. Orig. Act. R. 5(C).  The Clerk is directed to certify this opinion as final and to send a certified copy to each of the Respondent Judges and to all counsel of record.

Dickson, C.J., and Rucker, David, Massa, and Rush, JJ., concur.