


FILED

Feb 04 2019, 2:12 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 18S-JD-466

# In the Matter of the Honorable Geoff L. Robison, Judge of the New Haven City Court,

*Respondent.*

---

Decided: February 4, 2019

Judicial Discipline Action

---

**Per Curiam Opinion**

All Justices concur.

**Per Curiam.**

On September 21, 2018, the Indiana Commission on Judicial Qualifications filed a "Notice of the Institution of Formal Proceedings and Statement of Charges" ("Complaint") against the Respondent, Geoff L. Robison. Respondent timely filed an Answer, and a panel of Masters was appointed on November 1, with a hearing scheduled to commence on January 24, 2019.

On December 31, 2018, the parties tendered a "Conditional Agreement and Petition to Dismiss Matter as Moot." On January 15, 2019, the Court issued an order accepting the conditional agreement, dismissing this matter as moot, and discharging the appointed Masters. We now write to further explain this disposition.

## Stipulated Facts

Respondent, at all times pertinent to the charges, was the judge of the New Haven City Court. Respondent is not an attorney.

Respondent resigned as judge of the New Haven City Court effective December 26, 2018. That same day, the New Haven City Council unanimously voted to close the New Haven City Court, effective December 31. The parties' Conditional Agreement, which this Court accepted on January 15, 2019, prohibits Respondent from future judicial service.

## Discussion

When Respondent took office in 2000, only circuit court, superior court, and appellate judges were required to be Indiana-licensed attorneys. Ind. Const. Art. 7, §§ 7, 10; Ind. Code § 33-29-1-3. In 2015, Indiana Code section 3-8-1-1.5 was amended to require judicial candidates of all town courts and certain city courts to be Indiana attorneys in good standing. Non-attorney judges, like attorney judges, are ethically bound by the Rules of the Code of Judicial Conduct. *See* Ind. Code of Judicial Conduct, Application 1(A).

The Complaint alleges, and Respondent admits, that in 2003, the New Haven City Court and the Allen County prosecutor entered into a written Agreement by which the Prosecutor's Diversion Fund would pay the City of New Haven up to $25 for each infraction deferral contract the New Haven City Court executed. In April 2015, the prosecutor informed Respondent that he and his staff were no longer authorized to use the prosecutor's signature stamp to execute infraction deferral agreements and that infraction cases would no longer be filed in New Haven City Court.

After this conversation, Respondent and his staff continued to use the prosecutor's signature stamp to execute infraction deferral agreements pursuant to the 2003 Agreement. In his Answer, Respondent claims that the prosecutor's unilateral change in filing policies breached this Agreement, and argues that it was the prosecutor's responsibility, not the court's, to ensure that local law enforcement agencies were made aware of this policy change and amended their filing practices accordingly.

Indiana Code section 34-28-5-1(f) provides that individuals who were under 18 at the time of an offense are not eligible for an infraction deferral program if the alleged violation falls under certain categories, including traffic regulations, driver's license violations, and open alcoholic beverage violations. Respondent admits that he placed juveniles in the infraction deferral program, thereby violating section 34-28-5-1(f), and explains he was unaware of the change in Indiana law that made minors ineligible for infraction deferrals.

Finally, the Complaint alleges that during the course of the prosecutor's investigation into juvenile infraction deferral agreements, she discovered that Respondent had accepted payments on 10 or more infraction cases without adjudicating the cases. In September 2017, while dismissing juvenile infraction cases, Respondent also dismissed some of these partial-payment cases. Such dismissals prevented the prosecutor from refiling these infractions in Allen Superior Court.

The Commission charged Respondent with violating five provisions of the Code of Judicial Conduct:

- Rule 1.1, requiring judges to comply with the law;
- Rule 1.2, requiring judges to avoid impropriety and act at all times in a manner promoting public confidence in the judiciary's integrity;
- Rule 2.2, requiring judges to uphold and apply the law and to perform all judicial duties fairly and impartially;
- Rule 2.9(A), prohibiting judges from initiating, permitting, or considering *ex parte* communications; and
- Rule 2.12(A), requiring judges to ensure that court staff, court officials, and others subject to the judge's direction and control act in a manner consistent with the judge's obligations under the Code.

Respondent, who admits many of the Commission's factual assertions but denies that he committed judicial misconduct, is not an attorney and is no longer a judge. The court over which he presided no longer exists, and he has consented to a prohibition on future judicial service. In the order dismissing this matter, we explained that continued litigation would be an inefficient use of limited judicial resources. *See In re Chapala*, 902 N.E.2d 218, 219 (Ind. 2009).

But we write to clarify municipal courts' power to administer infraction cases and infraction deferral agreements and to caution judicial officers on the impropriety of assuming the prosecutor's duties.

Infraction proceedings are civil, as opposed to criminal, in nature. *State ex rel. City of New Haven v. Allen Superior Court*, 699 N.E.2d 1134, 1136 (Ind. 1998). The prosecuting attorney is empowered to enforce infraction statutes on behalf of the State. Ind. Code § 34-28-5-1(a). Pursuant to this authority, prosecuting attorneys and attorneys for municipal corporations can establish infraction deferral programs by which defendants may seek dismissal of an infraction by paying certain fees and fulfilling other conditions. Ind. Code § 34-28-5-1(g). When a defendant complies with the terms of an infraction deferral agreement, "the prosecuting attorney or the attorney for the municipal corporation shall request the court to dismiss the action." *Id.*

Put simply, trial courts may neither dismiss these deferral cases *sua sponte* nor use the prosecutor's signature stamp to administer or execute infraction deferral agreements. Either action is an improper assumption of

the prosecutor's distinct role and flouts the Code of Judicial Conduct's overarching goal of an independent, fair, and impartial judiciary.

Respondent is not the first Indiana judge to face such allegations. *See* Public Admonition of the Honorable Martha C. Hagerty, Fremont Town Court (Feb. 9, 2015) (admonishing non-attorney judge for repeatedly engaging, or allowing staff to engage, in *ex parte* conversations with a traffic infraction litigant and his attorney); Public Admonition of the Honorable Martha C. Hagerty, Fremont Town Court (Nov. 19, 2012) (admonishing non-attorney judge for repeatedly engaging in *ex parte* conversations with the prosecutor and traffic infraction litigants); Public Admonition of the Honorable Roger L. Huizenga, Walkerton Town Court (June 22, 2009) (admonishing non-attorney judge for participating in an *ex parte* conversation with a defendant about the status of her traffic infractions and for assuming the role of the prosecutor when negotiating a resolution to the defendant's case). *See also In re Harkin*, 958 N.E.2d 788 (Ind. 2011) (attorney judge suspended without pay for 60 days for establishing unauthorized deferral program for traffic offenses).

While municipal courts are created by statute and empowered to decide only certain cases, their status as "special courts" does not absolve them of the duties of a separate but co-equal branch of government. Municipal court judges, like all judges, must endeavor to maintain, preserve, and protect the independence of Indiana's judiciary, even when administering the lowest-level civil and criminal offenses.

With this opinion, we terminate the disciplinary proceedings relating to the circumstances giving rise to this case. Because this action was dismissed without a hearing and without a finding of misconduct by the panel of Masters, Respondent will not be assessed costs. *See* Ind. Admis. Disc. R. 25(IV).

All Justices concur.

ATTORNEY FOR RESPONDENT

J. Michael Loomis

Loomis Law Office

Fort Wayne, Indiana

ATTORNEYS FOR INDIANA COMMISSION ON JUDICIAL QUALIFICATIONS

Adrienne L. Meiring, Counsel to the Commission

Marcus A. McGhee, Staff Attorney to the Commission

Indianapolis, Indiana